UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LGC BUILDING LTD., | § § § | |
| Plaintiff | § § | |
| v. | § § | Civil Action No. 5:17-cv-01029 |
| FEDERAL INSURANCE CO. and, BYRON ERIC SMITH, | § § § § § | |
| Defendants | § | |

## DEFENDANT FEDERAL INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Federal Insurance Company files this Notice of Removal and respectfully shows:

### I.
### FACTUAL AND PROCEDURAL BACKGROUND

1. This is a dispute under a commercial insurance policy issued by Defendant Federal Insurance Company ("Federal") to LGC Building Ltd. ("LGC"). LGC seeks payment under the subject policy for alleged storm damage to its commercial property.

2. On June 23, 2017, LGC filed this action entitled *LGC Building Ltd. V. Federal Insurance Company and Byron Eric Smith,* Cause No. 2017CI11597 in the 285th Judicial District Court, Bexar County, Texas. LGC served Federal with this action on July 3, 2017. Byron Eric Smith was served on June 30, 2017.

3. In addition to asserting causes of action against Federal, LGC asserts contractual and extra-contractual claims against Smith, the in-house adjuster, employed by Federal.

### II.
### REMOVAL IS PROPER

4. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441

LEGAL\32772458\1

because it is an action between citizens of different states wherein the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Although he need not consent to removal because Federal contends that he was improperly joined, Byron Smith consents to this Notice of Removal.

A. **COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PROPER PARTIES**

5. LGC is a Texas limited liability company with its principal place of business in Texas. (*See* Exhibit A, Second Amended Petition at 1). Each and every person of legal entity having an ownership interest in LGC is a citizen of either Texas, New York, or California. (See Exhibit B , LGC's Answers to Interrogatories, dated September 21, 2017). Two corporations were listed as owners. San Antonio Area Foundation is a corporation with its principal place of business in Texas. DAL General Partner Inc. is a corporation with its principal place of business in Texas (See Exhibit C).

6. Federal is an Indiana corporation with its principal place of business in Indianapolis. Under applicable law, Federal is, both now and when this action was filed, a citizen of Indiana. Smith is, both now and when this action was filed, a citizen and resident of Texas. However, Smith has been improperly joined and his citizenship should be disregarded for purposes of determining diversity jurisdiction. Thus, Diversity exists.

7. The doctrine of improper joinder allows the Court to disregard the citizenship of a non-diverse defendant when (1) there is actual fraud in the pleading of jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant. *See Smallwood v. Illinois Central Railroad Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.,* 818 F.3d 193, 199 (5th Cir. 2016). Federal asserts the second prong. In determining improper joinder, "[t]he court may

LEGAL\32772458\1

conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* Importantly, courts are to use the federal pleading standard when conducting the Rule 12(b)(6)-type analysis. *Int'l Energy Ventures Mgmt., L.L.C.,* 818 F.3d at 200. Consequently, "Rule 8 and – in specific circumstances – Rule 9 provide the statutory component of the federal pleading standard" under which Rule 12(b)(6) operates to determine whether a party has been improperly joined. *Id.* at 203.

### B. LGC IMPROPERLY JOINED SMITH TO THIS ACTION

8. LGC fails to plead facts sufficient to state a claim against Smith that is plausible on its face. Plausibility requires more than a "sheer possibility" of misconduct and bare legal conclusions that are unsupported by factual underpinnings do not state a viable claim. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is plausible if the pleading contains factual content that allows the court to draw the reasonable inference that the defendant is liable for the allegations. *Id.* A "formulaic recitation of the elements of a cause of action will not do." *Id.* at 677-78. Additionally, "[c]laims alleging violations of the Texas Insurance Code and the DTPA. . . are subject to the requirements of Rule 9(b)," and must state with particularity the who, what, when, where and how of the events at issue. *Frith v. Guardian Life Ins. Co., of Am.,* 9 F.Supp. 2d 734, 742 (S.D. Tex. 1998); *Bige, Inc. v. Penn-Am Ins. Co.,* 1-15-CV-292 RP, 2015 WL 5227726, at *4 (W.D. Tex. Sept. 8, 2015).

9. Here, LGC fails to plead facts sufficient to establish a reasonable basis for recovery against Smith. LGC's allegations merely lump Federal and Smith together, lack factual enhancement and are conclusory and nothing more than a regurgitation of the text of the Texas Insurance Code and DTPA. (*See generally* Pl.'s Second Amended Pet. at 5-10). Such a manner

of pleading is deficient and fails to meet the federal pleading standard. *See Studer v. State Farm Lloyds,* 4:13CV413, 2014 WL 23452, at 4 (E.D. Tex. Jan. 21, 2014). A pleading that alleges the same offending conduct by both an insurer and an adjuster, producing the same injury, fails to state actionable conduct by the non-diverse defendant. *See, id.* Further, the claims against Smith for violation of the Texas Insurance Code and DTPA do not satisfy the pleading requirements of Rule 9(b). *See Frith*, 9 F.Supp. 2d at 742; *see also Columbia Mut. Ins. Co. v. Trewitt-Reed Funeral Home, Inc.,* 4:15-CV-568-A, 2016 WL 524597, at *2 (N.D. Tex. Feb. 5, 2016).

10. LGC's DTPA claim fails as a matter of law because LGC is not a consumer due to the fact that Smith's alleged conduct did not occur "in connection with the purchase or lease of any goods or services." *See Janik v. City of Dallas*, CIV.A.3:95-CV-2594-D, 1997 WL 538758, at *5 (N.D. Tex. Aug. 26, 1997); *see also Lehman-Menley v. Boston Old Colony Ins. Co.,* A-05-CA-1054 LY, 2006 WL 2167258, at *3 (W.D. Tex. July 31, 2006). Similarly LGC's claims against Smith for violations of Chapter 541 of the Texas Insurance Code are not viable because he adjusted and investigated the loss (Second Amended Petition at 7-8). *See Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014); *Ministerio Int'l Lirios Del Valle v. State Farm Lloyds,* 3:16-CV-1212-D, 2016 WL 5791550, at *3-4 (N.D. Tex. Oct. 4, 2016) (holding that an insurance adjuster cannot be held liable under Texas Insurance Code §§ 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), and 541.060(a)(7) and § 542.003(b)(5)); *McClelland v. Chubb Lloyd's Ins. Co. of Texas,* 5:16-CV-00108, 2016 WL 5791206, at *3 (W.D. Tex. Sept. 30, 2016). Further, to the extent LGC asserts claims for violation of Chapter 542 of The Texas Insurance Code against Smith, such claims also fail as a matter of law because he is not LGC's insurer. *See* TEX. INS. CODE 542.060(a); *Messersmith,* 10 F. Supp. 3d at 724 (N.D. Tex. 2014); *Zimmerman v. Travelers Lloyds of Texas Ins. Co.,* 5:15-CV-325, 2015

WL 3971415, at *3 (W.D. Tex. June 30, 2015). (Plaintiff's counsel in *Zimmerman* are the same as in this instance).

11. Accordingly, LGC's alleged claims against Smith are intended solely to deprive this Court of jurisdiction, and his citizenship should be disregarded in determining the Court's jurisdiction. Moreover, for the same reasons, all claims against Smith should be dismissed, and a separate Rule 12b(6) motion has been filed.

## C.  ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

12. LGC's pleading asserts that it "seeks monetary relief of over $1,000,000. Therefore, based on LGC's claims for damages, the amount in controversy requirement is satisfied.

13. LGC's answers to discovery relating to diversity of its members were filed on September 21, 2017. This Notice is timely filed pursuant to 28 U.S.C. § 1446, as it is being filed within 30 days of Federal receiving all papers necessary for it to determine that this action is removable.

14. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders filed in Bexar County, Texas as of this date, are contained in the Index of Documents, which is attached hereto and filed with this Notice of Removal.

15. Contemporaneously with the filing of this Notice of Removal, Federal is giving written notice of the removal to LGC through its attorney of record and to the clerk of the state court as required by 28 U.S.C. §1446(d).

16. Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removal is proper. Venue is proper for removal to this District pursuant to 28 U.S.C. § 1441(a) because this District and Division embrace the place in which the state court action is pending.

## III.
## CONCLUSION

WHEREFORE Federal respectfully requests that this action now pending in Bexar County, Texas be removed to the United States District Court for the Western District of Texas, San Antonio Division. Federal further requests that this Court grant it any such other and further relief to which it may be justly entitled.

Respectfully submitted,

COZEN O'CONNOR

Stephen P. Pate
Texas Bar No. 15566500
spate@cozen.com
Karl A. Schulz
Texas State Bar No. 24057339
kschulz@cozen.com
1221 McKinney Street, Suite 2900
Houston, Texas 77010
Telephone: (832) 214-3900
Facsimile: (832) 214-3905

**ATTORNEYS FOR DEFENDANTS FEDERAL INSURANCE COMPANY AND BYRON ERIC SMITH**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above document has been served on all counsel of record pursuant to the Texas Rules of Civil Procedure on this the ____ day of October, 2017.

Daniel O. Kustoff
Melanie Hessler Phipps
Kustoff & Phipps, L.L.P.
4103 Parkdale Street
San Antonio, Texas 78229
*Counsel for Plaintiff LGC Building Ltd.*

Stephen P. Pate