CAUSE NO. 2017-CI-11597

| | | |
|---|---|---|
| LGC BUILDING LTD. | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | 285th JUDICIAL DISTRICT |
| | § | |
| FEDERAL INSURANCE CO. and BYRON ERIC SMITH | § | |
| | § | BEXAR COUNTY, TEXAS |

**PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes LGC BUILDING LTD. (hereinafter "LGC"), herein Plaintiff, and files Plaintiff's Second Amended Original Petition against FEDERAL INSURANCE COMPANY ("Federal") and BYRON ERIC SMITH ("Smith"), herein collectively Defendants, and in support thereof, respectfully shows unto the Court the following:

## I.
## STANDING PRETRIAL ORDER CONCERNING BEXAR COUNTY COMMERCIAL HAIL CLAIMS

This case is governed by the Standing Pretrial Order Concerning Bexar County Commercial Hail Claims issued on November 30, 2016, a copy which is attached hereto as Exhibit A.

## II.
## CLAIM FOR RELIEF

Plaintiff seeks monetary relief of over $1,000,000.00. Plaintiff further seeks any and all additional relief to which it may show itself to be entitled to at law or in equity.

## III.
## DISCOVERY LEVEL

Pursuant to Rule 190 of Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level III and will seek to enter a Docket Control Plan—by Order.





## IV.
## PARTIES

Plaintiff is an Texas Limited Partnership with its principal office in San Antonio, Texas.

Defendant, FEDERAL INSURANCE COMPANY, is a foreign insurance company who conducts business in the State of Texas and its contact and business in the State of Texas gave rise to the facts and circumstances that constitute the basis of this lawsuit. Defendant, FEDERAL INSURANCE COMPANY has made an appearance in this matter; therefore, service of process is not necessary.

Defendant, BYRON ERIC SMITH, is a Texas resident who has made an appearance in this matter; therefore, service of process is not necessary.

## V.
## FACTUAL BACKGROUND

This is a breach of contract, bad faith, Deceptive Trade Practices Act (herein DTPA) case arising out of FEDERAL'S and SMITH'S refusal to pay an appraisal award.

By way of background, on April 12, 2016, LGC's commercial property sustained significant damage as a result of a substantial hail storm in San Antonio, Texas. Pursuant to the policy of insurance issued by FEDERAL, LGC made a claim for its losses. FEDERAL assigned and appointed SMITH to handle and adjust the claim. LGC performed all its obligations under the policy by immediately providing FEDERAL with all the requested information.

However, the parties were not able to reach an agreement on the amount of LGC's loss.

The policy of insurance details a **binding** appraisal procedure that the parties were to follow in the event an agreement could not be reached on the amount of a loss which provides:

> If you and we do not agree on the amount of the loss or damage, either party may make a written demand for an appraisal of the loss or damage. In this event, you

> will select and pay a competent and impartial appraiser, and we will select and pay a competent and impartial appraiser. The two appraisers will select and umpire. If the appraisers cannot agree on an umpire, either may request that a judge of a court having jurisdiction made the selection. Each appraiser will separately state the value of the property and the amount of the loss or damage. If the appraisers do not agree, they will submit their statements to the umpire. **Agreement by the umpire and either of the appraisers will be binding on you and us.**

Pursuant to the above contractual provisions, on November 1, 2016, LGC invoked the appraisal provisions.

LGC appointed Sergio De La Canal of CORRECTCLAIM as its appraiser. SMITH accepted notice of LCG's invocation of appraisal and appointed James Gregory of Gerloff Company, Inc., as its appraiser.

The appraisers could not agree on an amount of the loss or ultimately an umpire. Therefore, the Court was petitioned and Edward Batis was appointed by the Bexar County District Court as the umpire.

Appraisal commenced on December 1, 2016. Over the following weeks, FEDERAL and LCG both presented evidence and witnesses to the Umpire. Each party fully represented their positions through engineering experts, witnesses, and costs of repair/replacement experts. FEDERAL undoubtedly only presented evidence of the amount of the loss attributable to direct physical loss or damage caused by the admittedly covered peril of hail.

Following the consideration of substantial evidence and full participation in the appraisal process by both parties, on May 8, 2017, the umpire issued his *detailed* award "from damage occurring on or about 04/12/2016" and the amount of loss sustained by wind/hail on that day" of $3,34,994.41 (RCV) and $2,396,307.66 (ACV). *Award attached as Exhibit A.* The award was

rendered based upon FEDERAL'S appraiser's appraised amount of the loss, not LCG's appraiser's appraised value.

Following receipt of the Award, on May 12, 2017, SMITH refused payment of the Award (minus deductible and previous payments). Instead, SMITH issued a *partial* payment to LGC of $701,057.78. SMITH based his refusal to pay the Award (which is based on his own appraiser's amount of the loss), on unfounded grounds which were in direct contravention to the Award and the insurance contract. SMITH stated "the payment represents the highest amount we can ascertain from all information obtained by us and submitted by you to date in this claim and during the appraisal to be reasonably clearly owed as a result of hail damage to the property on April 12, 2016." The Umpire's award, however, did not contain *anything but* damage caused by the covered peril. In fact, the Umpire explicitly stated the same in his Award. Furthermore, it is elementary that FEDERAL'S own appraiser would not have submitted any amounts for damage that was not the result of the wind/hail covered peril. SMITH further accuses the Umpire of not issuing a "separately itemized' award and purports to undertake efforts to ascertain what is covered. Again, this is in direct contravention to the Award, which was 20 pages and in Exactimate, a detailed estimating program utilized by even FEDERAL'S experts.

It is evident that SMITH'S denial was clearly made in bad faith. FEDERAL participated in the appraisal, retained experts on causation of damage, retained experts on the amount of the loss *caused by the covered peril,* submitted the same to the Umpire and, in fact, received an Award based upon its own experts' opinions. FEDERAL and SMITH sent its appraiser to the Umpire appointment, forced their insured to incur tens of thousands of dollars in participating in the contractual appraisal process, all to be denied when FEDERAL and SMITH decided they did not like the outcome of a process which it wrote into its policy. FEDERAL and SMITH now

concoct excuses and unfounded explanations so as to not pay its insured what is rightfully covered.

Federal and Smith's wrongful refusal to pay the Appraisal Award based upon self-imposed conditions not contained within the contract of insurance forced LCG to file this suit to recover the remainder of the appraisal award and for FEDERAL'S and SMITH'S bad faith.

At all times relevant to this matter, SMITH was an employee and vice principal of FEDERAL with full authority to bind the company by way of his actions and omissions.

Further, it is evident that FEDERAL has ratified his actions and omissions.

## VI.
## CONDITIONS PRECEDENT

All conditions precedent to Plaintiff's recovery have been fully performed or have occurred or have been rendered moot by the conduct of Defendants.

## VII.
## BREACH OF CONTRACT

Plaintiff re-alleges and incorporates by reference all facts and allegations set forth in the foregoing Paragraphs.

Plaintiff would show that the above referenced policy, which was issued by Defendant Federal, was in full force and effect at the time of Plaintiff's claim. Plaintiff would further show that it submitted a claim to Defendant Federal for damage sustained as a covered loss, namely hail and wind. Notice of claim was given to Federal in accordance with the terms of the policy. Defendant Federal appointed Defendant Smith to adjust and investigate the claim. Defendant Federal accepted coverage for the loss, but a dispute arose as to the amount of the loss sustained by Plaintiff as a result of the hail/wind storm.

Therefore, pursuant to the policy of insurance, on November 1, 2016, Plaintiff invoked the appraisal provision of the policy. Pursuant to such provision, Plaintiff appointed Sergio De La Canal of CORRECTCLAIM as its appraiser and Defendant Federal appointed James Gregory of Gerloff and as its appraiser. Edward Batis was appointed by Bexar District Court as Umpire.

Appraisal commenced on December 1, 2016. Evidence and witnesses were presented before the umpire by both parties. Each party fully presented their positions, experts, witnesses, and costs of repair/replacement to the Umpire, both parties limiting their presentation of evidence to costs of repair/replacement attributable to direct physical loss or damage caused by the covered peril of hail.

Following the consideration of substantial evidence, on May 8, 2017, the umpire issued his award "from damage occurring on or about 04/12/2016 and the amount of loss sustained by wind/hail on that day" of $3,34,994.41 (RCV) and $2,396,307.66 (ACV). Despite the award being rendered on Defendant Federal's appraiser's appraised amount of loss and the fact that the procedure is **contractually binding**, Defendant Federal has refused to pay Plaintiff the Award according to its obligations under the contract of insurance. As such, Defendant Federal has committed breach of contract of insurance between the parties, which has caused injury to Plaintiff.

Plaintiff further affirmatively pleads that Defendants are estopped from contending that the appraisal process is void and not binding as Defendants fully participated in the process and the Defendants drafted the applicable provisions. Defendants further accepted substantial insurance premiums under the language of the policy to the benefit and now seemingly claim certain provisions now have NO or limited meaning because the provisions have operated to Defendants' detriment.

Plaintiff further affirmatively pleads the statute of frauds.

## VIII.
## BREACH OF THE DUTY OF GOOD FAITH & FAIR DEALING

1. Plaintiff re-alleges and incorporates by reference all facts and allegations set forth in the foregoing paragraphs.

2. Plaintiff would show that a special relationship exists between Defendant Federal and Plaintiff such that Defendant Federal owed Plaintiff a duty to deal fairly and in good faith. Plaintiff would further shows that Defendant Federal breached this duty owed to Plaintiff when it denied payment when liability was reasonably clear. Defendant Federal's breach caused its insured, Plaintiff, damage.

## IX.
## VIOLATIONS OF CHAPTER 541 OF THE TEXAS INSURANCE CODE – DECEPTIVE INSURANCE PRACTICES

Incorporating all the foregoing paragraphs, Plaintiff brings a cause of action against Defendants FEDERAL and SMITH for violations of Texas Insurance Code chapter 541, which provides a cause of action for unfair or deceptive insurance practices.

Chapter 541 of the Texas Insurance Code defines unfair methods of competition and unfair and deceptive acts or practices in the business of insurance. As set forth in the above paragraphs, FEDERAL and SMITH, have violated the following provisions of Chapter 541 of the Texas Insurance Code:

- Making or causing to be made misrepresentations regarding the terms of the policy. TEX. INS. CODE §541.051(1)(A).
- Making or causing to be made misrepresentations regarding the benefits or advantages promised by any policy. TEX. INS. CODE §541.051(1)(B).
- Knowingly misrepresenting a material fact or policy provision TEX. INS. CODE §541.061(1).

- Leaving out a material fact, so that other statements, so that other statements are rendered misleading. TEX. INS. CODE §541.061(2).

- Making a statement in a way that would lead a reasonably prudent person to a false conclusion about a material fact. TEX. INS. CODE §541.061(3).

- Misrepresenting to its insured a material fact or policy provision relating to the coverage at issue. TEX. INS. CODE §541.060(a)(1).

- Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear. TEX. INS. CODE §541.060(a)(2)(A)

The above violations of Chapter 541 of the Texas Insurance Code caused Plaintiff's damages set forth herein. Plaintiff's would show that Defendants, FEDERAL and SMITH, have committed these acts and that these acts were a producing cause of Plaintiff's damages as hereinafter set forth.

## X.
## DECEPTIVE TRADE PRACTICES - CONSUMER PROTECTION ACT

Plaintiff re-alleges and incorporates by reference all facts and allegations set forth in the foregoing paragraphs.

Plaintiff also hereby invokes the provisions of the Texas Business and Commerce Code §17.41 et seq., commonly referred to as the Deceptive Trade Practices - Consumer Protection Act.

Plaintiff has a cause of action against Defendant FEDERAL and SMITH under the provisions of the Deceptive Trade Practices - Consumer Protection Act pursuant to §17.50(a) which provides as follows:

> "A consumer may maintain an action where any of the following constitute a producing cause of actual damages:
>
> The use or employment by any person of a false, misleading or deceptive act or practice that is specifically enumerated in a subdivision of Subsection (b) of Section 17.46 of this Subchapter;

Any unconscionable action or course of action by any person.

***Laundry List Violations.*** Defendants, FEDERAL and SMITH have also violated various provisions of Texas Business and Commerce Code §17.46(b) including, but not limited to the following:

In representing that goods or services have characteristics and benefits which it does not have;

In representing that the policy was of a particular standard when it is of another;

In representing that the policy involves rights, remedies, or obligations which it does not have, or which are prohibited by law;

In failing to disclose information concerning the policy which was known at the time of the transaction if such failure to disclose such information was intended to induce Plaintiff into a transaction into which they would not have entered had the information been disclosed.

The above violations of Texas Business and Commerce Code §17.46(b) were a producing cause of Plaintiff's damages as hereinafter set forth and were committed knowingly.

***Tie-In Statute.*** The Legislature has enumerated that any violation of Chapter 541 of the Texas Insurance Code constitutes a violation of the DTPA. TEX. INS. CODE §541.151. As such, Plaintiff incorporates all the facts and allegations set forth above as violations of Chapter 541 of the Texas Insurance Code which are also a violation of the DTPA.

***Unconscionable Action or Course of Action.*** Incorporating all of the foregoing paragraphs, Defendants, FEDERAL and SMITH by virtue of their conduct as described above, engaged in an unconscionable action or course of action as that term is defined by the Deceptive Trade Practices - Consumer Protection Act. Plaintiff is entitled to the relief set out in the Act.

## XI.
## VIOLATION OF CHAPTER 542 OF THE TEXAS INSURANCE CODE –UNFAIR CLAIM SETTLEMENT PRACTICES ACT

Texas Insurance Code Chapter 542 defines unfair claims settlement practices in the business of insurance. FEDERAL'S acts, omissions, failure and conduct that are described above violated Chapter 542 of the Texas Insurance Code. Specifically, FEDERAL violated the following provisions of Chapter 542 by not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear and failing the claim. TEX. INS. CODE §542.003(b)(4).

Chapter 542 of the Texas Insurance Code also provides for the prompt payment of claims by persons engaging in the business of insurance. FEDERAL violated Chapter 542.057 by failing to pay Plaintiff's claim within the timelines prescribed by the statute. As a result of the wrongful conduct of FEDERAL, Plaintiff's claim has not been timely paid, and he has been deprived of the use of the funds under the policy of insurance.

Plaintiff is entitled to a statutory eighteen percent (18%) penalty, attorneys' fees and Court costs.

## XII.
## PRODUCING & PROXIMATE CAUSE

Defendants' conduct as described above was a producing and/or proximate cause of Plaintiff's actual damages. As a result, plaintiff has sustained actual damages well in excess of the minimum jurisdictional limits of this Court.

## XIII.
## ATTORNEY'S FEES

Plaintiff is entitled to recover attorney's fees and costs incurred in this lawsuit. Defendants' conduct as described in this petition and the resulting damage and loss of Plaintiff has

necessitated Plaintiff retaining the attorneys whose names are subscribed to this petition. Plaintiff seeks to recover attorney's fees under Civil Practices and Remedies Code 38.001(8) for Defendant FEDERAL's breach of a written contract and under the Texas Deceptive Trade Practices Act for Defendants FEDERAL'S and SMITH'S violations. Plaintiff is, therefore, entitled to recover from Defendants to compensate Plaintiff for attorney's services in the preparation and prosecution of this action as well as for each appeal to any other court.

## XIV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that upon final trial hereof that Plaintiff have judgment against Defendants, for damages in excess of the minimal jurisdictional limits of the Court, post-judgment interest as provided by law, costs of court, attorney's fees and for such other, further and general relief to which Plaintiff may be justly entitled and such other, further and general relief to which Plaintiff may be justly entitled.

**Respectfully submitted,**

KUSTOFF & PHIPPS, L.L.P.
4103 Parkdale Street
San Antonio, Texas 78229
Telephone: (210) 614-9444
Telecopier: (210) 614-9464

BY: ***/s/ Daniel O. Kustoff***
DANIEL O. KUSTOFF
State Bar No. 11770515
dkustoffservice@kplegal.com
MELANIE HESSLER PHIPPS
State Bar No. 24032416
msanders@kplegal.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2017, a true and correct copy of the above and foregoing was forwarded to the following counsel of record:

Mr. Stephen P. Pate
spate@cozen.com
Mr. Karl A. Schulz
kschulz@cozen.com
COZEN O'CONNOR
1221 McKinney Street, Suite 2900
Houston, Texas 77010

*/s/ Daniel O. Kustoff*
DANIEL O. KUSTOFF

68881

| IN RE: | § | IN THE DISTRICT COURT OF |
|---|---|---|
| BEXAR HAIL | § | BEXAR COUNTY, TEXAS |
| COMMERCIAL | § | |
| CLAIM LITIGATION | § | CIVIL JUDICIAL DISTRICT COURTS |

## STANDING PRETRIAL ORDER CONCERNING BEXAR COUNTY COMMERCIAL HAIL CLAIMS

This order applies to pretrial matters in commercial property insurance cases filed in the District Courts of Bexar County, Texas that involve insurance disputes arising from the hail storms occurring in Bexar County in April and May of 2016. The purpose of this order is to expedite pretrial matters, discovery and mediation in order to minimize court costs and litigation expenses.

This order shall be posted on the Bexar County District Clerk website and shall be attached to the Original Petition of applicable cases. All attorneys and parties should endeavor to notify others about this order.

Parties seeking to be excused from any part of this order must set a hearing and request relief from the court.

**AUTOMATIC ABATEMENT** – The filing of an original answer by the commercial insurance carrier shall trigger an immediate and automatic abatement. The case shall remain abated until 30 days after a mediation impasse.

The abatement period will apply to all court ordered deadlines and Rule 190 discovery deadlines. The abatement period will not apply to the deadlines in this order or to any statutory deadline, interest or penalties that may apply under any statutory code or law. The parties may send written discovery during the abatement time period, however, the responses and objections to those discovery requests will not be due until 30 days after the end of the abatement period.

**MEDIATION** – The parties shall agree to a mediator and to a mediation date. An Agreed Mediation Order, in the form attached, shall be filed with the court within 120 days after the answer is filed.

Within 15 days of an unsuccessful mediation, the parties will submit a proposed Agreed Scheduling Order to the court.

**DISCOVERY** – Within 120 days of the filing of an answer by the commercial insurance carrier, the parties will use their best efforts to exchange information and documentation pertaining to the commercial property, including the following: expert reports, engineering reports, estimates of damage or repairs; contents lists for contents damage claim(s); photographs; repair receipts or invoices; the non-privileged portions of the commercial insurance carrier and adjusting company's claims file (including all claim diary notes, activity logs, loss notes and email correspondence regarding the insurance claim); payment ledger, payment log and/or proof of payment from the insurance carrier; a copy of the insurance policy in effect at the time of the respective storm claim(s); and the non-privileged portions of the underwriting file. If the insurance carrier is not in possession of the adjusting company's/adjuster's claims file, and the adjusting company/adjuster is not named as a party in the lawsuit and represented by separate counsel, then the insurance carrier shall seek the adjusting company's claims file and use their best efforts to exchange this information within the 120 day time period. The insurance carrier is also ordered to notify

11/30/2016 VOL 4655 PG 1816

68881



the independent adjusting company that all emails, activity notes and loss diary notes pertaining to the hail storm claim in litigation shall be preserved and not destroyed. Finally, a privilege log will also be produced in accordance with the Texas Rules of Civil Procedure for any redactions or privileges asserted. Within 180 days of the filing of an answer by the commercial insurance carrier, the parties will use their best efforts to exchange accounting and financial documentation and other information pertaining to any claims for business interruption, loss of business income, lost profits, inventory or food loss (provide list with values), lost business expense, accounts receivable and any other business loss claim.

Any expert reports, engineering reports, contractor estimates or any other estimates of damages or repairs obtained pursuant to this order for settlement, demand, or mediation purposes and exchanged prior to mediation shall be for mediation purposes only and shall be considered confidential, except that any estimates and/or reports that are part of the claims file, which were obtained or prepared during the claims handling, shall not be considered confidential under this paragraph. However, if a consultant, whose report is produced for mediation, is designated as a retained testifying expert and does not produce a subsequent report for use at trial, the mediation report shall not remain confidential.

Confidential reports and estimates are only confidential for the lawsuit in which they are being used. Confidential expert reports designated for mediation purposes shall be returned to the providing party within 14 days of a written request. Such reports shall not be discoverable or admissible at trial or any hearing. If the party procuring the report designates the expert to testify, such party shall have the right to prevent discovery or testimony by the expert regarding the mediation report and any opinions therein, provided that a subsequent report is produced. The procuring party may use data such as measurements and photographs without waiving this privilege. Nothing herein shall prohibit the use of those reports and estimates in any subsequent insurance claims or lawsuits involving the same commercial insurance carrier.

Once a mediation date and mediator are agreed to by all parties, the commercial insurance carrier shall be permitted to inspect the property involved in the lawsuit (as soon as practicable) prior to mediation. If mediation is unsuccessful, the commercial insurance carrier and other defendants may re-inspect the property with the same, new or additional experts pursuant to the Texas Rules of Civil Procedure.

Signed on November 30, 2016

Michael Mery, Judge
37th District Court

Stephani Walsh, Judge
45th District Court

Antonia Arteaga, Judge
57th District Court

David A. Canales, Judge
73rd District Court

11/30/2016 VOL 4655 PG 1817

68881

John D. Gabriel, Jr., Judge
131st District Court

Renée Yanta, Judge
150th District Court

Laura Salinas, Judge
166th District Court

Cathleen Stryker, Judge
224th District Court

Peter Sakai, Judge
225th District Court

Richard Price, Judge
285th District Court

Sol Casseb III, Judge
288th District Court

Karen H. Pozza, Judge
407th District Court

Larry Noll, Judge
408th District Court

Gloria Saldaña, Judge
438th District Court

11/30/2016 VOL 4655 PG 1818



68881

68881

**AGREED MEDIATION ORDER**

Pursuant to the Standing Pretrial Order Concerning Bexar County Commercial Hail Claims, the parties agree to the following mediation date and mediator:

Date: ______________________________

Mediator: ______________________________

The court, hereby, approves and orders the above date and mediator as agreed by the parties.

Each side shall pay an equal portion of the mediation fee.

All parties must have in attendance a representative with full authority to enter into a final settlement agreement. The following shall be personally in attendance at the mediation until excused by the mediator:

1. An attorney of record for each party, unless the party is self-represented.
2. All individual parties, either plaintiff or defendant, except that individual defendant adjusters and insurer employee defendants are not ordered to attend so long as a representative with full authority to negotiate and settle on their behalf is present.
3. A representative of each non-individual party, unless the parties agree otherwise in writing.

Signed and entered on ______________________, 2016.

______________________
Judge Presiding

11/30/2016 VOL 4655 PG 1819



68881