UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LGC BUILDING LTD., | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| FEDERAL INSURANCE CO. and, | § | |
| BYRON ERIC SMITH, | § | |
| | § | |
| Defendants | § | |

**INDEX OF MATTERS BEING FILED WITH
DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to Local Rule 81, Defendant submits and attaches to its Notice of Removal the following Index of Matters being filed with Defendant's Notice of Removal.

1.  Plaintiff's Original Petition, attached hereto as Exhibit A.

2.  Plaintiff's First Amended Original Petition, attached hereto as Exhibit B.

3.  Plaintiff's Second Amended Original Petition, attached hereto as Exhibit C.

4.  Citation issued to Byron Eric Smith, attached hereto as Exhibit D.

5.  Citation issued to Federal Insurance Company, attached hereto as Exhibit E.

6.  Defendants' Original Answer, Verified Plea in Abatement, and Request for Disclosures, attached hereto as Exhibit F

7.  Motion to Quash Defendants' Notice of Intent to Take the Oral and Video Deposition of Non-Party Ed Batis, Jr. or, in the alternative, Motion for Protective Order, attached hereto as Exhibit G.

8.  A copy of the docket sheet, attached hereto as Exhibit H.

9.  List of All Counsel of Record, attached hereto as Exhibit I.

Respectfully submitted,

COZEN O'CONNOR

_____

Stephen P. Pate
Texas Bar No. 15566500
spate@cozen.com
Karl A. Schulz
Texas State Bar No. 24057339
kschulz@cozen.com
1221 McKinney Street, Suite 2900
Houston, Texas 77010
8Telephone: (832) 214-3900
Facsimile: (832) 214-3905

**ATTORNEYS FOR DEFENDANTS
FEDERAL INSURANCE COMPANY AND
BYRON ERIC SMITH**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above document has been served on all counsel of record pursuant to the Texas Rules of Civil Procedure on this the _____ day of October, 2017.

Daniel O. Kustoff
Melanie Hessler Phipps
Kustoff & Phipps, L.L.P.
4103 Parkdale Street
San Antonio, Texas 78229
*Counsel for Plaintiff LGC Building Ltd.*

_____

Stephen P. Pate

FILED
6/23/2017 2:58 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Krystal Gonzalez

2cit pps sac1

CAUSE NO. **2017CI11597**

| | | |
|---|---|---|
| LGC BUILDING LTD. | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | 285  JUDICIAL DISTRICT |
| | § | |
| FEDERAL INSURANCE CO. and | § | |
| BYRON ERIC SMITH | § | BEXAR COUNTY, TEXAS |

### ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes LGC BUILDING LTD. (hereinafter "LGC") Plaintiff herein, and files this Original Petition against FEDERAL INSURANCE COMPANY ("Federal") and BYRON ERIC SMITH ("Smith"), Defendants, and in support thereof, respectfully shows unto the Court the following:

### I.
### CLAIM FOR RELIEF

Plaintiff seeks monetary relief of over $1,000,000.00. Plaintiff also makes a demand for judgment for all the other relief to which Plaintiff deems itself entitled.

### II.
### DISCOVERY LEVEL

Pursuant to Rule 190 of Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level II.

### III.
### PARTIES

Plaintiff is an Texas Limited Partnership with its principal office in San Antonio, Texas.

Defendant, FEDERAL INSURANCE COMPANY, is a foreign insurance company who can be served through its Attorney of Service, CT Corporation System at 350 North St. Paul Street, Dallas, TX 75201. **Service will be by private process.**



EXHIBIT
A

Defendant, BYRON ERIC SMITH, is a Texas resident who can be served at 380 Quest Ave., Spring Branch, TX 78070. **Service will be private process.**

IV.

**FACTUAL BACKGROUND**

This is a breach of contract and bad faith case arising out of FEDERAL'S and SMITH'S refusal to pay an appraisal award.

On April 12, 2016, LGC's commercial property sustained significant damage as a result of a substantial hail storm in San Antonio, Texas. Pursuant to the policy of insurance issued by FEDERAL, LGC made a claim for its losses. FEDERAL assigned and appointed SMITH to handle and adjust the claim. LGC performed all its obligations under the policy by immediately providing FEDERAL with all the requested information. Despite this information provided by LGC, FEDERAL was unable to agree to the amount of LGC loss.

Pursuant to the policy of insurance, on November 1, 2016, LGC invoked the appraisal provision of the policy. Pursuant to such provision, LGC appointed Sergio De La Canal of CORRECTCLAIM as its appraiser. SMITH accepted notice of LCG's invocation of appraisal and appointed James Gregory, of Gerloff Company, Inc., and as its appraiser. Edward Batis was appointed by the Bexar County District Court as Umpire.

Appraisal commenced on December 1, 2016. Over the following weeks, FEDERAL and LCG both presented evidence and witnesses to the Umpire. Each party fully represented their positions through engineering experts, witnesses, and costs of repair/replacement experts. FEDERAL undoubtedly only presented evidence of the amount of the loss attributable to direct physical loss or damage caused by the admittedly covered peril of hail.

2

Following the consideration of substantial evidence and full participation in the appraisal process, on May 8, 2017, the umpire issued his *detailed* award "from damage occurring on or about 04/12/2016" and the amount of loss sustained by wind/hail on that day" of $3,34,994.41 (RCV) and $2,396,307.66 (ACV). *Award attached as Exhibit A.* The award was rendered based upon FEDERAL'S appraiser's appraised amount of the loss, not LCG's appraiser's appraised value.

Following receipt of the Award, on May 12, 2017, SMITH refused payment of the Award (minus deductible and previous payments). Instead, SMITH issued a *partial* payment to LGC of $701,057.78. SMITH based his refusal to pay the Award (which based on his own appraiser's amount of the loss), on unfounded grounds which were in direct contravention to the Award. SMITH stated "the payment represents the highest amount we can ascertain from all information obtained by us and submitted by you to date in this claim and during the appraisal to be reasonably clearly owed as a result of hail damage to the property on April 12, 2016." The Umpire's award, however, did not contain *anything but* damage caused by the covered peril. In fact, the Umpire explicitly stated the same in his Award. Furthermore, it is elementary that FEDERAL'S own appraiser would not have submitted any amounts for damage that was not the result of the wind/hail covered peril. SMITH further accuses the Umpire of not issuing a "separately itemized' award and purports to undertake efforts to ascertain what is covered. Again, this is in direct contravention to the Award, which was 20 pages and in Exactimate, a detailed estimating program utilized by even FEDERAL'S experts.

It is evident that SMITH'S denial was clearly made in bad faith. FEDERAL participated in the appraisal, retained experts on causation of damage, retained experts on the amount of the loss *caused by the covered peril*, submitted the same to the Umpire and, in fact, received an

3

Award based upon its own experts' opinions. FEDERAL and SMITH sent its appraiser to the Umpire appointment, forced their insured to incur tens of thousands of dollars in participating in the contractual appraisal process, all to be denied when FEDERAL and SMITH decided they did not like the outcome of a process which it wrote into its policy. FEDERAL and SMITH now concoct excuses and unfounded explanations so as to not pay its insured what is rightfully covered.

Federal and Smith's wrongful refusal to pay the Appraisal Award based upon self-imposed conditions not contained within the contract of insurance forced LCG to file this suit to recover the remainder of the appraisal award and for FEDERAL'S and SMITH'S bad faith.

## V.
## CONDITIONS PRECEDENT

All conditions precedent to Plaintiff's recovery have been fully performed or have occurred or have been rendered moot by the conduct of Counter-Defendant.

## VI.
## BREACH OF CONTRACT

Plaintiff re-alleges and incorporates by reference all facts and allegations set forth in the foregoing Paragraphs.

Plaintiff would show that the above referenced policy, which was issued by Defendant Federal, was in full force and effect at the time of Plaintiff's claim. Plaintiff would further show that it submitted a claim to Defendant Federal for damage sustained as a covered loss, namely hail and wind. Notice of claim was given to Federal in accordance with the terms of the policy. Defendant Federal appointed Defendant Smith to adjust and investigate the claim. Defendant Federal accepted coverage for the loss, but a dispute arose as to the amount of the loss sustained by Plaintiff as a result of the hail/wind storm.

4

Therefore, Pursuant to the policy of insurance, on November 1, 2016, Plaintiff invoked the appraisal provision of the policy. Pursuant to such provision, Plaintiff appointed Sergio De La Canal of CORRECTCLAIM as its appraiser and Defendant Federal appointed James Gregory of Gerloff and as its appraiser. Edward Batis was appointed by Bexar District Court as Umpire.

Appraisal commenced on May 8, 2017. Evidence and witnesses were presented before the umpire by both parties. Each party fully presented their positions, experts, witnesses, and costs of repair/replacement to the Umpire, both parties limiting their presentation of evidence to costs of repair/replacement attributable to direct physical loss or damage caused by the covered peril of hail.

Following the consideration of substantial evidence, on May 8, 2017, the umpire issued his award "from damage occurring on or about 04/12/2016 and the amount of loss sustained by wind/hail on that day" of $3,34,994.41 (RCV) and $2,396,307.66 (ACV). Despite the award being rendered on Defendant Federal's appraiser's appraised amount of loss, Defendant Federal has refused to pay Plaintiff the Award according to its obligations under the contract of insurance. As such, Defendant Federal has committed breach of contract of insurance between the parties, which has caused injury to Plaintiff.

## VII.
## BREACH OF THE DUTY OF GOOD FAITH & FAIR DEALING

Plaintiff re-alleges and incorporates by reference all facts and allegations set forth in the foregoing paragraphs.

Plaintiff would show that a special relationship exists between Defendant Federal and Plaintiff such that Defendant Federal owed Plaintiff a duty to deal fairly and in good faith. Plaintiff would further shows that Defendant Federal breached this duty owed to Plaintiff when it

denied payment when liability was reasonably clear.  Defendant Federal's breach caused its insured, Plaintiff, damage.


### VIII.
### VIOLATIONS OF CHAPTER 541 OF THE TEXAS INSURANCE CODE – DECEPTIVE INSURANCE PRACTICES

Incorporating all the foregoing paragraphs, Plaintiffs bring a cause of action against Defendants FEDERAL and SMITH for violations of Texas Insurance Code chapter 541, which provides a cause of action for unfair or deceptive insurance practices.

Chapter 541 of the Texas Insurance Code defines unfair methods of competition and unfair and deceptive acts or practices in the business of insurance.  As set forth in the above paragraphs, FEDERAL and SMITH, have violated the following provisions of Chapter 541 of the Texas Insurance Code:

- Making or causing to be made misrepresentations regarding the terms of the policy. TEX. INS. CODE §541.051(1)(A).

- Making or causing to be made misrepresentations regarding the benefits or advantages promised by any policy.  TEX. INS. CODE §541.051(1)(B).

- Knowingly misrepresenting a material fact or policy provision TEX. INS. CODE §541.061(1).

- Leaving out a material fact, so that other statements, so that other statements are rendered misleading.  TEX. INS. CODE §541.061(2).

- Making a statement in a way that would lead a reasonably prudent person to a false conclusion about a material fact.  TEX. INS. CODE §541.061(3).

- Misrepresenting to its insured a material fact or policy provision relating to the coverage at issue.  TEX. INS. CODE §541.060(a)(1).

6

- Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear. TEX. INS. CODE §541.060(a)(2)(A)

The above violations of Chapter 541 of the Texas Insurance Code caused Plaintiff's damages set forth herein. Plaintiff's would show that Defendants, FEDERAL and SMITH, have committed these acts and that these acts were a producing cause of Plaintiff's damages as hereinafter set forth.

## IX.
## DECEPTIVE TRADE PRACTICES - CONSUMER PROTECTION ACT

Plaintiff re-alleges and incorporates by reference all facts and allegations set forth in the foregoing paragraphs.

Plaintiff also hereby invokes the provisions of the Texas Business and Commerce Code §17.41 et seq., commonly referred to as the Deceptive Trade Practices - Consumer Protection Act.

Plaintiff has a cause of action against Defendant FEDERAL and SMITH under the provisions of the Deceptive Trade Practices - Consumer Protection Act pursuant to §17.50(a) which provides as follows:

"A consumer may maintain an action where any of the following constitute a producing cause of actual damages:

1. The use or employment by any person of a false, misleading or deceptive act or practice that is specifically enumerated in a subdivision of Subsection (b) of Section 17.46 of this Subchapter;

2. Any unconscionable action or course of action by any person.

***Laundry List Violations.*** Defendant, FEDERAL and SMITH have also violated various provisions of Texas Business and Commerce Code §17.46(b) including, but not limited to the following:

1. In representing that goods or services have characteristics and benefits which it does not have;

7

2. In representing that the policy was of a particular standard when it is of another;

3. In representing that the policy involves rights, remedies, or obligations which it does not have, or which are prohibited by law;

4. In failing to disclose information concerning the policy which was known at the time of the transaction if such failure to disclose such information was intended to induce Plaintiff into a transaction into which they would not have entered had the information been disclosed.

The above violations of Texas Business and Commerce Code §17.46(b) were a producing cause of Plaintiff's damages as hereinafter set forth and were committed knowingly.

## X.

*Tie-In Statute.*  The Legislature has enumerated that any violation of Chapter 541 of the Texas Insurance Code constitutes a violation of the DTPA.  TEX. INS. CODE §541.151.  As such, Plaintiff incorporates all the facts and allegations set forth above as violations of Chapter 541 of the Texas Insurance Code which are also a violation of the DTPA.

## XI.

*Unconscionable Action or Course of Action.*  Incorporating all of the foregoing paragraphs, Defendants, FEDERAL and SMITH by virtue of their conduct as described above, engaged in an unconscionable action or course of action as that term is defined by the Deceptive Trade Practices - Consumer Protection Act.  Plaintiff is entitled to the relief set out in the Act.

## XII.
## VIOLATION OF CHAPTER 542 OF THE TEXAS INSURANCE CODE –UNFAIR CLAIM SETTLEMENT PRACTICES ACT

Texas Insurance Code Chapter 542 defines unfair claims settlement practices in the business of insurance.  FEDERAL'S acts, omissions, failure and conduct that are described above violated Chapter 542 of the Texas Insurance Code.  Specifically, FEDERAL violated the following provisions of Chapter 542 by not attempting in good faith to effect a prompt, fair, and

8

equitable settlement of a claim submitted in which liability has become reasonably clear and failing the claim. TEX. INS. CODE §542.003(b)(4)

Chapter 542 of the Texas Insurance Code also provides for the prompt payment of claims by persons engaging in the business of insurance. FEDERAL violated Chapter 542.057 by failing to pay Plaintiff's claim within the timelines prescribed by the statute. As a result of the wrongful conduct of FEDERAL, Plaintiff's claim has not been timely paid, and he has been deprived of the use of the funds under the policy of insurance.

Plaintiff is entitled to a statutory eighteen percent (18%) penalty, attorneys' fees and Court costs.

## XIII.
## PRODUCING & PROXIMATE CAUSE

Defendants' conduct as described above was a producing and/or proximate cause of Plaintiff's actual damages. As a result, plaintiff has sustained actual damages well in excess of the minimum jurisdictional limits of this Court.

## XIV.
## ATTORNEY'S FEES

Plaintiff is entitled to recover attorney's fees and costs incurred in this lawsuit. Defendants' conduct as described in this petition and the resulting damage and loss of Plaintiff has necessitated Plaintiff retaining the attorneys whose names are subscribed to this petition. Plaintiff seeks to recover attorney's fees under Civil Practices and Remedies Code 38.001(8) for Defendant FEDERAL's breach of a written contract and under the Texas Deceptive Trade Practices Act for Defendants FEDERAL'S and SMITH'S violations. Plaintiff is, therefore, entitled to recover from Defendants to compensate Plaintiff for attorney's services in the preparation and prosecution of this action as well as for each appeal to any other court.

9

## XV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that upon final trial hereof that Plaintiff have judgment against Defendants, for damages in excess of the minimal jurisdictional limits of the Court, post-judgment interest as provided by law, costs of court, attorney's fees and for such other, further and general relief to which Plaintiff may be justly entitled and such other, further and general relief to which Plaintiff may be justly entitled.

Respectfully submitted,

KUSTOFF & PHIPPS, L.L.P.
4103 Parkdale Street
San Antonio, Texas 78229
Telephone: (210) 614-9444
Telecopier: (210) 614-9464

BY: */s/ Daniel O. Kustoff*
DANIEL O. KUSTOFF
State Bar No. 11770515
dkustoffservice@kplegal.com
MELANIE HESSLER PHIPPS
State Bar No. 24032416
msanders@kplegal.com
ATTORNEYS FOR PLAINTIFF

## APPRAISAL AWARD

| | | | | |
|---|---|---|---|---|
| Insured: | LGC Building, Ltd. | Carrier: | Federal Insurance Company | |
| Address: | 4342 IH 35 North | Policy No: | 000036025545 / 000001 | |
| | San Antonio, TX 78 | Claim No: | 076916014835 | |

We, the undersigned, pursuant to the within appointment, do hereby certify that we have conscientiously performed the duties assigned to us, and do hereby award as the actual value of the said property, from damage occurring on or about 04/12/2016 and the amount of loss sustained thereto by wind/hail on that day, the following sums:

| Item | Replacement Cost Value | Depreciation | Actual Cash Value |
|---|---|---|---|
| Main Building: | $3,323,659.54 | $938,686.75 | $2,384,972.79 |
| Temporary Repairs : | $11,334.87 | $0.00 | $11,334.87 |
| Lost Business Income: | Not Appraised | Not Appraised | Not Appraised |
| Additional Living Expense: | $0.00 | $0.00 | $0.00 |
| Total: | $3,334,994.41 | $938,686.75 | $2,396,307.66 |

This award is made without consideration of any prior payment(s) made on this claim or the applicable deductible, if any. All prior advance payment(s) and deductible(s) must be subtracted from the award total. Policy terms, conditions, limitations and exclusions. Except as shown in Exhibit "A", being American Roofing invoices that total $11,334.87, this award excludes any reimbursement to the Insured for any and all other repairs incurred by insured with American Roofing as the insured has withdrawn those and waives recovery of same, and agrees to seek only the $11,334.87 awarded herein. The attached Exhibit "B" is the detail of the structure award calculation and is incorporated herein for all purposes.

5/8/17
Date

5/8/17
Date

5/8/17
Date

Appraiser (Insurer)

Appraiser (Insured)          SERGIO DE LA CASAL

Umpire

*Any two signatures above constitute a valid award and are binding to all parties.



**EXHIBIT**

**A**

# APPRAISAL AWARD

| | | | |
|---|---|---|---|
| Insured: | LGC Building, Ltd. | Carrier: | Federal Insurance Company |
| Address: | 4342 IH 35 North | Policy No: | 000036025545 / 000001 |
| | San Antonio, TX 78 | Claim No: | 076916014835 |

We, the undersigned, pursuant to the within appointment, do hereby certify that we have conscientiously performed the duties assigned to us, and do hereby award as the actual value of the said property, from damage occurring on or about 04/12/2016 and the amount of loss sustained thereto by wind/hail on that day, the following sums:

| Item | Replacement Cost Value | Depreciation | Actual Cash Value |
|---|---|---|---|
| Main Building: | $3,323,659.54 | $938,686.75 | $2,384,972.79 |
| Temporary Repairs : | $11,334.87 | $0.00 | $11,334.87 |
| Lost Business Income: | Not Appraised | Not Appraised | Not Appraised |
| Additional Living Expense: | $0.00 | $0.00 | $0.00 |
| Total: | $3,334,994.41 | $938,686.75 | $2,396,307.66 |

This award is made without consideration of any prior payment(s) made on this claim or the applicable deductible, if any.  All prior advance payment(s) and deductible(s) must be subtracted from the award total. Policy terms, conditions, limitations and exclusions.  Except as shown in Exhibit "A", being American Roofing invoices that total $11,334.87, this award excludes any reimbursement to the Insured for any and all other repairs incurred by Insured with American Roofing as the Insured has withdrawn those and waives recovery of same, and agrees to seek only the $11,334.87 awarded herein.  The attached Exhibit "B" is the detail of the structure award calculation and is incorporated herein for all purposes.

Date _____     Appraiser (Insurer) _____

Date _____     Appraiser (Insured) _____

Date  5/8/17     Umpire _____

*Any two signatures above constitute a valid award and are binding to all parties.

## AMERICAN ROOFING & METAL CO., INC.

## INVOICES AWARDED IN APPRAISAL

| Invoice Number | Total |
|---|---|
| 30673 | $1,715.76 |
| 31036 | $2,266.76 |
| 31034 | $2,050.26 |
| 30004 | $5,302.09 |
| **TOTAL:** | $11,334.87 |

# EXHIBIT A

**INVOICE**

American Roofing & Metal Co., Inc.

800 Wyoming Street
San Antonio, TEXAS 78203
(210) 224-5464 Fax (210) 224-4506

| ORDER DATE | CUSTOMER ACCOUNT NO. | DATE SHIPPED | ALTERNATE ID | INVOICE NUMBER |
|---|---|---|---|---|
| 08/18/2016 | 11990 | | 10873 | 30873 |

| CUSTOMER'S ORDER NUMBER | TERMS | | INVOICE DATE |
|---|---|---|---|
| | Net 30 Days | Job #:LR37186 | 09/14/2016 |

| Sold To: | LGC Building, LTD. | Ship To: | Room Store/ KLN Steel |
|---|---|---|---|
| | c/o Red Star Property Management, Inc. | | #2 Winnca |
| | 115 E. Travis | | San Antonio, TX |
| | San Antonio, TX 78205 | | |

Description of Work Performed:
Commercial Service - Leak Repair
On 8/22/16 we visited the site while it was raining to locate active leaks inside the building and make a roof plan of the locations.
returned on 9/13/16. We worked on the main areas that need attention more than others. Front offices and the wood shop.
wood shop repaired open base flashing at a skylight.
Office:
Removed gravel and asphalt above area of roof leak. Located a hole in the roof felts from deterioration of the roof. Cleaned surrounding area, applied primer and covered area with cold process asphalt and membrane. Covered repair with existing gravel.
This roof is beyond salvage and has reached the end of its service life. Compromised from the hail storm of April 18, 2016

| COMPLETED DATE | DESCRIPTION | QTY | AMOUNT |
|---|---|---|---|
| 09/13/2016 | Total Labor and Material | 1 | 1,585.00 |
| | Invoice Sub-Total | | 1,585.00 |
| | Sales Tax | | 130.76 |
| | Invoice Total | | 1,715.76 |



**INVOICE**

American Roofing & Metal Co., Inc.

800 Wyoming Street
San Antonio, TEXAS 78203
(210) 224-5464 Fax (210) 224-4506

| ORDER DATE 11/10/2016 | CUSTOMER ACCOUNT NO. 11990 | DATE SHIPPED | ALTERNATE ID 11036 | INVOICE NUMBER 31036 |
|---|---|---|---|---|
| CUSTOMER'S ORDER NUMBER | TERMS Net 30 Days | Job #:RF5995 | INVOICE DATE | 01/10/2017 |

Sold To: LGC Building, LTD
c/o Red Star Property Management, Inc.
115 E. Travis
San Antonio, TX 78205

Ship To: Room Store/ KLN Steel
#2 Winnco
San Antonio, TX

Description of Work Performed:
Commercial Service - RF
12/21/16-Reinstall temp covers over the skylights due to long term exposure and wind

| COMPLETED DATE | DESCRIPTION | QTY | AMOUNT |
|---|---|---|---|
| 01/10/2017 | Total Labor and Material | 1 | 2,094.00 |
| | Invoice Sub-Total | | 2,094.00 |
| | Sales Tax | | 172.76 |
| | Invoice Total | | 2,266.76 |

**INVOICE**

American Roofing & Metal Co., Inc.

800 Wyoming Street
San Antonio, TEXAS 78203
(210) 224-5464 Fax (210) 224-4506

| ORDER DATE | CUSTOMER ACCOUNT NO. | DATE SHIPPED | ALTERNATE ID | INVOICE NUMBER |
|---|---|---|---|---|
| 05/23/2016 | 11990 | | 11034 | 31034 |

| CUSTOMER'S ORDER NUMBER | TERMS | | INVOICE DATE |
|---|---|---|---|
| | Net 30 Days | Job # RF5432 | 01/10/2017 |

| Sold To: | LGC Building, LTD | Ship To: | Room Store/ KLN Steel |
|---|---|---|---|
| | c/o Red Star Property Management, Inc. | | #2 Winnco |
| | 115 E. Travis | | San Antonio, TX. |
| | San Antonio, Tx 78205 | | |

Description of Work Performed:
Commercial Service - RF
6/17/16 - Install temp patches to the gravel roof in various areas over the production area per Casey Mora,

| COMPLETED DATE | DESCRIPTION | QTY | AMOUNT |
|---|---|---|---|
| 01/10/2017 | Total Labor and Material | 1 | 1,894.00 |
| | Invoice Sub-Total | | 1,894.00 |
| | Sales Tax | | 156.26 |
| | Invoice Total | | 2,050.26 |

**INVOICE**

American Roofing & Metal Co., Inc.

800 Wyoming Street
San Antonio, TEXAS 78203
(210) 224-5464 Fax (210) 224-4506

| ORDER DATE 04/14/2016 | CUSTOMER ACCOUNT NO. 11990 | DATE SHIPPED | ALTERNATE ID 10004 | INVOICE NUMBER 30004 |
|---|---|---|---|---|
| CUSTOMER'S ORDER NUMBER | TERMS Net 30 Days | | Job # RF5349 | INVOICE DATE 05/11/2016 |

Sold To:   LGC Building, LTD
c/o Red Star Property Management, Inc.
1232 North Blvd
Universal City, TX  78148

Ship To:   Room Store/ KLN Steel
#2 Winnco
San Antonio, TX

Description of Work Performed:
Commercial Service - RF
1. Install temp covers/patches on approximately 200 ea. damaged skylights.
2. Cut (12"x12") 13 each roof cores for insurance and patch back cores.

| COMPLETED DATE | DESCRIPTION | QTY | AMOUNT |
|---|---|---|---|
| 05/11/2016 | Total Labor and Material | 1 | 4,898.00 |
| | Invoice Sub-Total | | 4,898.00 |
| | Sales Tax | | 404.09 |
| | Invoice Total | | 5,302.09 |



Property:
LGC Building, LTD
4342 IH 35N
San Antonio, TX 78218

Price List:      TXSA8X_DEC16
Labor Efficiency:   Restoration/Service/Remodel

EXHIBIT B

**Main Structure (Warehouse)**

Roof

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Below items are for the Modified bitumen parapet wall repairs. | | | | | | | |
| Remove Built-up roofing - gravel ballast | 54.65 SQ | | | | | | ROOF BID |
| R&R Modified bitumen roof - hot mopped | 54.65 SQ | | | | | | ROOF BID |
| R&R Built-up roof - Additional glass felt layer | 54.65 SQ | | | | | | ROOF BID |
| (Install) Built-up roofing - gravel ballast | 54.65 SQ | | | | | | ROOF BID |
| R&R Membrane roofing - cant strips - perlite | 1,093.00 LF | | | | | | ROOF BID |
| Step flashing | 1,093.00 LF | | | | | | ROOF BID |
| Caulking - butyl rubber | 1,093.00 LF | | | | | | ROOF BID |
| Below items are for the Modified bitumen expansion joint repairs. | | | | | | | |
| R&R Cap flashing - large | 1,048.00 LF | | | | | | ROOF BID |
| Remove Built-up roofing - gravel ballast | 104.80 SQ | | | | | | ROOF BID |
| R&R Modified bitumen roof - hot mopped | 104.80 SQ | | | | | | ROOF BID |
| R&R Built-up roof - Additional glass felt layer | 104.80 SQ | | | | | | ROOF BID |
| (Install) Built-up roofing - gravel ballast | 104.80 SQ | | | | | | ROOF BID |
| Heat, Vent, & Air Conditioning (Bid Item) | 1.00 EA | 37,210.00 | 3,683.80 | 7,442.00 | 48,335.80 | (20,139.92) | 28,195.88 |
| Exhaust fans. - Remove and replace 10 large and 2 small roof mounted exhaust fans - Per bid from Lonestar Mechanical | | | | | | | |
| Heat, Vent, & Air Conditioning (Bid Item) - 7.5 ton Trane Unit* | 1.00 EA | 10,265.00 | 1,016.23 | 2,053.00 | 13,334.23 | (5,555.93) | 7,778.30 |
| Central air - condenser repair - fan guard | 1.00 EA | 184.34 | 18.25 | 36.86 | 239.45 | (0.00) | 239.45 |
| R&R Mercury vapor security light | 1.00 EA | 140.40 | 13.89 | 28.10 | 182.39 | (0.00) | 182.39 |
| R&R Steel door, 3' x 7' | 1.00 EA | 224.70 | 22.25 | 44.96 | 291.91 | (0.00) | 291.91 |
| Detach & Reset Door lockset & deadbolt - exterior | 1.00 EA | 25.49 | 2.52 | 5.10 | 33.11 | (0.00) | 33.11 |
| Detach & Reset Door closer - hydraulic - High grade | 1.00 EA | 21.24 | 2.10 | 4.24 | 27.58 | (0.00) | 27.58 |
| Paint door slab only - 2 coats (per side) | 2.00 EA | 26.05 | 5.16 | 10.42 | 67.68 | (0.00) | 67.68 |
| Metal Structure Repair - Min. Charge - SHROUD* | 1.00 EA | 196.80 | 19.49 | 39.36 | 255.65 | (0.00) | 255.65 |
| Paint Shroud | 1.00 EA | 50.00 | 4.96 | 10.00 | 64.96 | (0.00) | 64.96 |
| **Totals: Roof** | | | 4,788.65 | 9,674.04 | 62,832.76 | 25,695.85 | 37,136.91 |



**Woodshop**                                                        LxWxH 20' 1" x 13' 6" x 8'

537.33  SF Walls                          271.13  SF Ceiling
808.46  SF Walls & Ceiling                271.13  SF Floor
30.13  SY Flooring                        67.17  LF Floor Perimeter
160.67  SF Long Wall                     108.00  SF Short Wall
67.17  LF Ceil. Perimeter

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| R&R Suspended ceiling tile - 2' x 4' | 271.13 SF | 1.63 | 43.75 | 88.40 | 574.09 | (145.52) | 428.57 |
| R&R 1/2" drywall - hung, taped, heavy texture, ready for paint | 64.00 SF | 2.25 | 14.26 | 28.80 | 187.06 | (0.00) | 187.06 |
| Paint the surface area - two coats | 268.67 SF | 0.70 | 18.62 | 37.62 | 244.31 | (40.71) | 203.60 |
| Remove Glue down carpet | 271.13 SF | 0.47 | 12.61 | 25.48 | 165.52 | (0.00) | 165.52 |
| Glue down carpet | 311.79 SF | 1.94 | 59.88 | 120.98 | 785.73 | (130.95) | 654.78 |
| 15 % waste added for Glue down carpet. | | | | | | | |
| Clean floor - Light | 271.13 SF | 0.25 | 6.71 | 13.56 | 88.05 | (0.00) | 88.05 |
| Contents - move out then reset | 1.00 EA | 42.97 | 4.26 | 8.60 | 55.83 | (0.00) | 55.83 |
| **Totals: Woodshop** | | | 160.09 | 323.44 | 2,100.59 | 317.18 | 1,783.41 |



**CFO Office**                                                      LxWxH 13' 7" x 10' 7" x 8'

386.67  SF Walls                          143.76  SF Ceiling
530.42  SF Walls & Ceiling                143.76  SF Floor
15.97  SY Flooring                        48.33  LF Floor Perimeter
108.67  SF Long Wall                      84.67  SF Short Wall
48.33  LF Ceil. Perimeter

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| R&R Suspended ceiling grid - 2' x 4' | 40.00 SF | 1.36 | 5.39 | 10.88 | 70.67 | (17.55) | 53.12 |
| Drywall patch / small repair, ready for paint | 1.00 EA | 52.03 | 5.15 | 10.40 | 67.58 | (0.00) | 67.58 |
| Paint the surface area - two coats | 112.00 SF | 0.70 | 7.76 | 15.68 | 101.84 | (16.97) | 84.87 |
| Contents - move out then reset - Small room | 1.00 EA | 32.25 | 3.19 | 6.46 | 41.90 | (0.00) | 41.90 |
| Clean floor - Light | 143.76 SF | 0.25 | 3.56 | 7.18 | 46.68 | (0.00) | 46.68 |
| **Totals: CFO Office** | | | 25.05 | 50.60 | 328.67 | 34.52 | 294.15 |



**CeO Office**

LxWxH 20' 9" x 10' 11" x 8'

| | |
|---|---|
| 506.67 SF Walls | 226.52 SF Ceiling |
| 733.19 SF Walls & Ceiling | 226.52 SF Floor |
| 25.17 SY Flooring | 63.33 LF Floor Perimeter |
| 166.00 SF Long Wall | 87.33 SF Short Wall |
| 63.33 LF Ceil. Perimeter | |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| R&R Suspended ceiling grid - 2' x 4' | 40.00 SF | 1.36 | 5.39 | 10.88 | 70.67 | (17.55) | 53.12 |
| Drywall patch / small repair, ready for paint | 1.00 EA | 52.03 | 5.15 | 10.40 | 67.58 | (0.00) | 67.58 |
| Paint the surface area - two coats | 254.00 SF | 0.70 | 17.60 | 35.56 | 230.96 | (38.49) | 192.47 |
| Contents - move out then reset | 1.00 EA | 42.97 | 4.26 | 8.60 | 55.83 | (0.00) | 55.83 |
| R&R Carpet tile | 226.52 SF | 3.62 | 81.18 | 164.00 | 1,065.18 | (154.48) | 910.70 |
| R&R Cove base molding - rubber or vinyl, 6" high | 63.33 LF | 2.40 | 15.05 | 30.40 | 197.45 | (29.76) | 167.69 |
| Clean floor - Light | 226.52 SF | 0.25 | 5.60 | 11.32 | 73.55 | (0.00) | 73.55 |
| **Totals: CeO Office** | | | 134.23 | 271.16 | 1,761.22 | 240.28 | 1,520.94 |

**Computer Room Main**

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| R&R Suspended ceiling grid - 2' x 4' | 52.00 SF | 1.36 | 7.00 | 14.14 | 91.86 | (22.82) | 69.04 |
| **Totals: Computer Room Main** | | | 7.00 | 14.14 | 91.86 | 22.82 | 69.04 |



**Computer Storage**

LxWxH 11' 6" x 7' 6" x 8'

| | |
|---|---|
| 304.00 SF Walls | 86.25 SF Ceiling |
| 390.25 SF Walls & Ceiling | 86.25 SF Floor |
| 9.58 SY Flooring | 38.00 LF Floor Perimeter |
| 92.00 SF Long Wall | 60.00 SF Short Wall |
| 38.00 LF Ceil. Perimeter | |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| R&R Suspended ceiling grid - 2' x 4' | 86.25 SF | 1.36 | 11.61 | 23.46 | 152.37 | (37.84) | 114.53 |
| R&R 1/2" drywall - hung, taped, floated, ready for paint | 100.00 SF | 1.93 | 19.11 | 38.60 | 250.71 | (0.00) | 250.71 |
| Contents - move out then reset - Small room | 1.00 EA | 32.25 | 3.19 | 6.46 | 41.90 | (0.00) | 41.90 |
| Clean floor - Light | 86.25 SF | 0.25 | 2.14 | 4.32 | 28.02 | (0.00) | 28.02 |

Page: 4

**CONTINUED - Computer Storage**

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Special Systems - Electrician - per hour | 8.00 HR | 85.00 | 67.32 | 136.00 | 883.32 | (0.00) | 883.32 |
| **Totals: Computer Storage** | | | 103.37 | 208.84 | 1,356.32 | 37.84 | 1,318.48 |

### Showroom

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Seal/prime then paint the surface area (2 coats) - Front Wall Affected Only* | 384.00 SF | 0.73 | 27.76 | 56.06 | 364.14 | (60.69) | 303.45 |
| Paint the surface area - one coat | 538.00 SF | 0.49 | 26.10 | 52.72 | 342.44 | (57.07) | 285.37 |
| Floor protection - self-adhesive plastic film | 1,756.00 SF | 0.47 | 81.71 | 165.06 | 1,072.09 | (0.00) | 1,072.09 |
| Contents - move out then reset - Large room | 1.00 EA | 64.45 | 6.38 | 12.90 | 83.73 | (0.00) | 83.73 |
| Clean floor - Light | 1,756.50 SF | 0.25 | 43.48 | 87.82 | 570.43 | (0.00) | 570.43 |
| **Totals: Showroom** | | | 185.43 | 374.56 | 2,432.83 | 117.76 | 2,315.07 |



### Gym                                    LxWxH 39' 9" x 19' 9" x 19' 9"

| | |
|---|---|
| 2350.25 SF Walls | 785.06 SF Ceiling |
| 3135.31 SF Walls & Ceiling | 785.06 SF Floor |
| 87.23 SY Flooring | 119.00 LF Floor Perimeter |
| 785.06 SF Long Wall | 390.06 SF Short Wall |
| 119.00 LF Ceil. Perimeter | |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Plaster patch / small repair - ready for paint | 1.00 EA | 128.30 | 12.70 | 25.66 | 166.66 | (0.00) | 166.66 |
| Thin coat plaster (no lath) | 785.06 SF | 2.04 | 158.56 | 320.30 | 2,080.38 | (0.00) | 2,080.38 |
| Seal/prime then paint part of the walls and ceiling (2 coats) | 3,015.31 SF | 0.73 | 217.92 | 440.24 | 2,859.34 | (476.56) | 2,382.78 |
| Floor protection - self-adhesive plastic film | 785.06 SF | 0.47 | 36.53 | 73.80 | 479.31 | (0.00) | 479.31 |
| Painter - per hour - masking of fixtures* | 4.00 HR | 49.57 | 19.63 | 39.66 | 257.57 | (0.00) | 257.57 |
| Content Manipulation charge - per hour | 4.00 HR | 31.50 | 12.48 | 25.20 | 163.68 | (0.00) | 163.68 |
| Scissor lift - 20' platform height - electric powered | 3.00 DA | 102.00 | 30.30 | 61.20 | 397.50 | (0.00) | 397.50 |
| Clean floor - Light | 785.06 SF | 0.25 | 19.43 | 39.26 | 254.96 | (0.00) | 254.96 |

## CONTINUED - Gym

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Totals: Gym | | | 507.55 | 1,025.32 | 6,659.40 | 476.56 | 6,182.84 |
| Total: Main Structure (Warehouse) | | | 5,911.37 | 11,942.10 | 77,563.65 | 26,942.81 | 50,620.84 |

## Office Building (Lower Roof)

### Roof

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Below items are for the Modified bitumen parapet wall repairs. | | | | | | | |
| Remove Built-up roofing - gravel ballast | 66.25 SQ | | | | | | ROOF BID |
| R&R Modified bitumen roof - hot mopped | 66.25 SQ | | | | | | ROOF BID |
| R&R Built-up roof - Additional glass felt layer | 66.25 SQ | | | | | | ROOF BID |
| (Install) Built-up roofing - gravel ballast | 66.25 SQ | | | | | | ROOF BID |
| R&R Membrane roofing - cant strips - perlite | 1,325.00 LF | | | | | | ROOF BID |
| R&R Cap flashing - large | 1,325.00 LF | | | | | | ROOF BID |
| Step flashing | 1,325.00 LF | | | | | | ROOF BID |
| R&R Counterflashing - Apron flashing | 63.00 LF | | | | | | ROOF BID |
| Caulking - butyl rubber | 63.00 LF | | | | | | ROOF BID |
| Heat, Vent, & Air Conditioning (Bid Item) = 3 ton unit* | 1.00 EA | 5,387.00 | 533.32 | 1,077.40 | 6,997.72 | (2,915.72) | 4,082.00 |
| Totals: Roof | | | 533.32 | 1,077.40 | 6,997.72 | 2,915.72 | 4,082.00 |
| Total: Office Building (Lower Roof) | | | 533.32 | 1,077.40 | 6,997.72 | 2,915.72 | 4,082.00 |

## Metal Building

### Roof

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| R&R Wall/roof panel - ribbed - 24 gauge - up to 1" | 6,100.00 SF | 5.22 | 3,152.37 | 6,368.40 | 41,362.77 | (6,391.95) | 34,970.82 |
| R&R Ridge cap - metal roofing | 100.00 LF | 6.65 | 65.85 | 133.00 | 863.85 | (97.43) | 766.42 |
| R&R Steel rake/gable trim - color finish | 61.00 LF | 5.17 | 31.21 | 63.06 | 409.64 | (62.47) | 347.17 |
| R&R Closure strips for metal panels | 200.00 LF | 1.82 | 36.04 | 72.80 | 472.84 | (51.96) | 420.88 |

Page: 6

## CONTINUED - Roof

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Step flashing | 61.00 LF | 7.29 | 44.03 | 88.94 | 577.66 | (96.28) | 481.38 |
| R&R Counterflashing - Apron flashing | 61.00 LF | 7.16 | 43.23 | 87.34 | 567.33 | (88.74) | 478.59 |
| Caulking - butyl rubber | 61.00 LF | 2.52 | 15.22 | 30.74 | 199.68 | (33.28) | 166.40 |
| **Totals: Roof** | | | 3,387.95 | 6,844.28 | 44,453.77 | 6,822.11 | 37,631.66 |
| **Total: Metal Building** | | | 3,387.95 | 6,844.28 | 44,453.77 | 6,822.11 | 37,631.66 |

### Detached Building (Shop)

#### Roof

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Below items are for the  Modified bitumen parapet wall repairs. | | | | | | | |
| Remove Built-up roofing - gravel ballast | 8.90 SQ | | | | | | ROOF BID |
| R&R Modified bitumen roof - hot mopped | 8.90 SQ | | | | | | ROOF BID |
| R&R Built-up roof - Additional glass felt layer | 8.90 SQ | | | | | | ROOF BID |
| (Install) Built-up roofing - gravel ballast | 8.90 SQ | | | | | | ROOF BID |
| R&R Membrane roofing - cant strips - perlite | 178.00 LF | | | | | | ROOF BID |
| Step flashing | 178.00 LF | | | | | | ROOF BID |
| Caulking - butyl rubber | 178.00 LF | | | | | | ROOF BID |
| R&R Exhaust cap - through roof - 6" to 8" | 1.00 EA | 71.68 | 7.10 | 14.32 | 93.10 | (0.00) | 93.10 |
| Window Reglazing/Repair - Labor Minimum | 1.00 EA | 144.33 | 14.29 | 28.86 | 187.48 | (0.00) | 187.48 |
| **Totals: Roof** | | | 21.39 | 43.18 | 280.58 | 0.00 | 280.58 |
| **Total: Detached Building (Shop)** | | | 21.39 | 43.18 | 280.58 | 0.00 | 280.58 |

#### Roof Bid

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Roofing (Bid Item) | 1.00 EA | 2,051,905.00 | 203,138.59 | 410,381.00 | 2,665,424.59 | (888,474.86) | 1,776,949.73 |
| Roofing repairs - Per bid from Empire Roofing | | | | | | | |
| ROOFING - Deck Repair Allowance | 1.00 EA | 25,000.00 | 2,475.00 | 5,000.00 | 32,475.00 | (13,531.25) | 18,943.75 |

CONTINUED - Roof Bid

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Totals: Roof Bid | | | 205,613.59 | 415,381.00 | 2,697,899.59 | 902,006.11 | 1,795,893.48 |

### General Items

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Temporary toilet (per month) | 2.00 MO | 132.01 | 26.14 | 52.80 | 342.96 | (0.00) | 342.96 |
| Fall protection - Allowance | 1.00 EA | 3,500.00 | 346.50 | 700.00 | 4,546.50 | (0.00) | 4,546.50 |
| Barricade/warning sign/traffic cone - Min. equip. charge | 4.00 EA | 52.50 | 20.80 | 42.00 | 272.80 | (0.00) | 272.80 |
| Protect work areas from traffic. | | | | | | | |
| Barricade and warning device - setup and takedown | 12.00 HR | 51.52 | 61.20 | 123.64 | 803.08 | (0.00) | 803.08 |
| R&R Temporary fencing | 200.00 LF | 6.70 | 132.67 | 268.00 | 1,740.67 | (0.00) | 1,740.67 |
| Staging area for materials and equipment. | | | | | | | |
| General clean - up | 80.00 HR | 32.24 | 255.34 | 515.84 | 3,350.38 | (0.00) | 3,350.38 |
| Commercial Supervision / Project Management - per hour | 120.00 HR | 56.90 | 675.97 | 1,365.60 | 8,869.57 | (0.00) | 8,869.57 |
| Dumpster load - Approx. 40 yards, 7-8 tons of debris | 1.00 EA | 821.00 | 81.28 | 164.20 | 1,066.48 | (0.00) | 1,066.48 |
| Telehandler/forklift and operator | 40.00 HR | 78.13 | 309.40 | 625.04 | 4,059.64 | (0.00) | 4,059.64 |
| Solar electric panel - Detach & reset | 1.00 EA | 362,636.00 | 35,900.96 | 72,527.20 | 471,064.16 | (0.00) | 471,064.16 |
| **Totals: General Items** | | | 37,810.26 | 76,384.32 | 496,116.24 | 0.00 | 496,116.24 |

### Labor Minimums Applied

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Door labor minimum | 1.00 EA | 100.56 | 9.96 | 20.12 | 130.64 | (0.00) | 130.64 |
| Finish hardware labor minimum | 1.00 EA | 77.70 | 7.69 | 15.54 | 100.93 | (0.00) | 100.93 |
| Vinyl floor covering labor minimum | 1.00 EA | 89.63 | 8.87 | 17.92 | 116.42 | (0.00) | 116.42 |
| **Totals: Labor Minimums Applied** | | | 26.52 | 53.58 | 347.99 | 0.00 | 347.99 |
| **Line Item Totals:** | | | 253,304.40 | 511,725.86 | 3,323,659.54 | 938,686.75 | 2,384,972.79 |

**Grand Total Areas:**

| | | |
|---|---|---|
| 4,084.92 SF Walls | 1,512.72 SF Ceiling | 5,597.63 SF Walls and Ceiling |
| 1,512.72 SF Floor | 168.08 SY Flooring | 335.83 LF Floor Perimeter |
| 1,312.40 SF Long Wall | 730.06 SF Short Wall | 335.83 LF Ceil. Perimeter |
| | | |
| 0.00 Floor Area | 0.00 Total Area | 0.00 Interior Wall Area |
| 0.00 Exterior Wall Area | 0.00 Exterior Perimeter of Walls | |
| | | |
| 0.00 Surface Area | 0.00 Number of Squares | 0.00 Total Perimeter Length |
| 0.00 Total Ridge Length | 0.00 Total Hip Length | |

## Summary

| | |
|---|---:|
| Line Item Total | 2,558,629.28 |
| Overhead | 255,862.93 |
| Profit | 255,862.93 |
| Comm. Rpr/Remdl Tax | 253,304.40 |
| **Replacement Cost Value** | **$3,323,659.54** |
| Less Depreciation | (938,686.75) |
| **Actual Cash Value** | **$2,384,972.79** |
| Net Claim | $2,384,972.79 |
| Total Recoverable Depreciation | 938,686.75 |
| **Net Claim if Depreciation is Recovered** | **$3,323,659.54** |

Page: 10

## Recap of Taxes, Overhead and Profit

| | Overhead (10%) | Profit (10%) | Comm. Rpr/Remdl Tax (8.25%) | Manuf. Home Tax (5%) |
|---|---|---|---|---|
| Line Items | 255,862.93 | 255,862.93 | 253,304.40 | 0.00 |
| Total | 255,862.93 | 255,862.93 | 253,304.40 | 0.00 |

## Recap by Room

| | | |
|---|---:|---:|
| **Area: Main Structure (Warehouse)** | | |
| Roof | 48,370.07 | 1.89% |
| Woodshop | 1,617.06 | 0.06% |
| CFO Office | 253.02 | 0.01% |
| CeO Office | 1,355.83 | 0.05% |
| Computer Room Main | 70.72 | |
| Computer Storage | 1,044.11 | 0.04% |
| Showroom | 1,872.84 | 0.07% |
| Gym | 5,126.53 | 0.20% |
| **Area Subtotal: Main Structure (Warehouse)** | **59,710.18** | **2.33%** |
| **Area: Office Building (Lower Roof)** | | |
| Roof | 5,387.00 | 0.21% |
| **Area Subtotal: Office Building (Lower Roof)** | **5,387.00** | **0.21%** |
| **Area: Metal Building** | | |
| Roof | 34,221.54 | 1.34% |
| **Area Subtotal: Metal Building** | **34,221.54** | **1.34%** |
| **Area: Detached Building (Shop)** | | |
| Roof | 216.01 | 0.01% |
| **Area Subtotal: Detached Building (Shop)** | **216.01** | **0.01%** |
| Roof Bid | 2,076,905.00 | 81.17% |
| General Items | 381,921.66 | 14.93% |
| Labor Minimums Applied | 267.89 | 0.01% |
| **Subtotal of Areas** | **2,558,629.28** | **100.00%** |
| **Total** | **2,558,629.28** | **100.00%** |

## Recap by Category with Depreciation

| O&P Items | RCV | Deprec. | ACV |
|---|---|---|---|
| ACOUSTICAL TREATMENTS | 665.35 | 222.89 | 442.46 |
| CLEANING | 3,396.51 | | 3,396.51 |
| CONTENT MANIPULATION | 340.89 | | 340.89 |
| GENERAL DEMOLITION | 4,070.83 | | 4,070.83 |
| DOORS | 314.01 | | 314.01 |
| DRYWALL | 390.22 | | 390.22 |
| ELECTRICAL - SPECIAL SYSTEMS | 363,316.00 | | 363,316.00 |
| HEAVY EQUIPMENT | 3,431.20 | | 3,431.20 |
| FLOOR COVERING - CARPET | 1,318.41 | 263.68 | 1,054.73 |
| FLOOR COVERING - VINYL | 227.06 | 27.49 | 199.57 |
| FINISH HARDWARE | 124.43 | | 124.43 |
| HEAT, VENT & AIR CONDITIONING | 53,046.34 | 26,431.00 | 26,615.34 |
| LABOR ONLY | 6,828.00 | | 6,828.00 |
| LIGHT FIXTURES | 129.95 | | 129.95 |
| MOISTURE PROTECTION | 153.72 | 30.74 | 122.98 |
| METAL STRUCTURES & COMPONENTS | 29,960.80 | 5,952.80 | 24,008.00 |
| INTERIOR LATH & PLASTER | 1,729.82 | | 1,729.82 |
| PAINTING | 4,684.07 | 637.87 | 4,046.20 |
| ROOFING | 2,078,563.08 | 833,580.63 | 1,244,982.45 |
| SCAFFOLDING | 3,500.00 | | 3,500.00 |
| TEMPORARY REPAIRS | 2,294.26 | | 2,294.26 |
| WINDOW REGLAZING & REPAIR | 144.33 | | 144.33 |
| O&P Items Subtotal | 2,558,629.28 | 867,147.10 | 1,691,482.18 |
| Overhead | 255,862.93 | | 255,862.93 |
| Profit | 255,862.93 | | 255,862.93 |
| Comm. Rpr/Remdl Tax | 253,304.40 | 71,539.65 | 181,764.75 |
| Total | 3,323,659.54 | 938,686.75 | 2,384,972.79 |

FILED
9/19/2017 2:57 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Laura Rodriguez

CAUSE NO. 2017-CI-11597

| | | |
|---|---|---|
| LGC BUILDING LTD. | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | 285th JUDICIAL DISTRICT |
| | § | |
| FEDERAL INSURANCE CO. and | § | |
| BYRON ERIC SMITH | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes LGC BUILDING LTD. (hereinafter "LGC"), herein Plaintiff, and files Plaintiff's First Amended Original Petition against FEDERAL INSURANCE COMPANY ("Federal") and BYRON ERIC SMITH ("Smith"), herein collectively Defendants, and in support thereof, respectfully shows unto the Court the following:

### I.
### CLAIM FOR RELIEF

1.      Plaintiff seeks monetary relief of over $1,000,000.00. Plaintiff further seeks any and all additional relief to which it may show itself to be entitled to at law or in equity.

### II.
### DISCOVERY LEVEL

2.      Pursuant to Rule 190 of Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level III and will seek to enter a Docket Control Plan—by Order.

### III.
### PARTIES

3.      Plaintiff is an Texas Limited Partnership with its principal office in San Antonio, Texas.



Plaintiff's First Amended Original Petition

4.     Defendant, FEDERAL INSURANCE COMPANY, is a foreign insurance company who can be served through its Attorney of Service, CT Corporation System at 350 North St. Paul Street, Dallas, TX 75201. Defendant, FEDERAL INSURANCE COMPANY conducts business in the State of Texas and its contact and business in the State of Texas gave rise to the facts and circumstances that constitute the basis of this lawsuit. Defendant, FEDERAL INSURANCE COMPANY has made an appearance in this matter; therefore, service of process is not necessary.

5.     Defendant, BYRON ERIC SMITH, is a Texas resident who can be served at 380 Quest Ave., Spring Branch, TX 78070. Defendant, BYRON ERIC SMITH, has made an appearance in this matter; therefore, service of process is not necessary.

## IV.
## FACTUAL BACKGROUND

6.     This is a breach of contract, bad faith, Deceptive Trade Practices Act (herein DTPA) case arising out of FEDERAL'S and SMITH'S refusal to pay an appraisal award.

7.     By way of background, on April 12, 2016, LGC's commercial property sustained significant damage as a result of a substantial hail storm in San Antonio, Texas. Pursuant to the policy of insurance issued by FEDERAL, LGC made a claim for its losses. FEDERAL assigned and appointed SMITH to handle and adjust the claim. LGC performed all its obligations under the policy by immediately providing FEDERAL with all the requested information.

8.     However, the parties were not able to reach an agreement on the amount of LGC's loss.

9.     The policy of insurance details a **binding** appraisal procedure that the parties were to follow in the event an agreement could not be reached on the amount of a loss which provides:

---

If you and we do not agree on the amount of the loss or damage, either party may make a written demand for an appraisal of the loss or damage. In this event, you will select and pay a competent and impartial appraiser, and we will select and pay a competent and impartial appraiser. The two appraisers will select and umpire. If the appraisers cannot agree on an umpire, either may request that a judge of a court having jurisdiction made the selection. Each appraiser will separately state the value of the property and the amount of the loss or damage. If the appraisers do not agree, they will submit their statements to the umpire. **Agreement by the umpire and either of the appraisers will be binding on you and us.**

10.     Pursuant to the above contractual provisions, on November 1, 2016, LGC invoked the appraisal provisions.

11.     LGC appointed Sergio De La Canal of CORRECTCLAIM as its appraiser. SMITH accepted notice of LCG's invocation of appraisal and appointed James Gregory of Gerloff Company, Inc., as its appraiser.

12.     The appraisers could not agree on an amount of the loss or ultimately an umpire. Therefore, the Court was petitioned and Edward Batis was appointed by the Bexar County District Court as the umpire.

13.     Appraisal commenced on December 1, 2016. Over the following weeks, FEDERAL and LCG both presented evidence and witnesses to the Umpire. Each party fully represented their positions through engineering experts, witnesses, and costs of repair/replacement experts. FEDERAL undoubtedly only presented evidence of the amount of the loss attributable to direct physical loss or damage caused by the admittedly covered peril of hail.

14.     Following the consideration of substantial evidence and full participation in the appraisal process by both parties, on May 8, 2017, the umpire issued his *detailed* award "from

damage occurring on or about 04/12/2016" and the amount of loss sustained by wind/hail on that day" of $3,34,994.41 (RCV) and $2,396,307.66 (ACV). *Award attached as Exhibit A.* The award was rendered based upon FEDERAL'S appraiser's appraised amount of the loss, not LCG's appraiser's appraised value.

15.     Following receipt of the Award, on May 12, 2017, SMITH refused payment of the Award (minus deductible and previous payments).  Instead, SMITH issued a *partial* payment to LGC of $701,057.78.  SMITH based his refusal to pay the Award (which is based on his own appraiser's amount of the loss), on unfounded grounds which were in direct contravention to the Award and the insurance contract.  SMITH stated "the payment represents the highest amount we can ascertain from all information obtained by us and submitted by you to date in this claim and during the appraisal to be reasonably clearly owed as a result of hail damage to the property on April 12, 2016."  The Umpire's award, however, did not contain *anything but* damage caused by the covered peril.  In fact, the Umpire explicitly stated the same in his Award.  Furthermore, it is elementary that FEDERAL'S own appraiser would not have submitted any amounts for damage that was not the result of the wind/hail covered peril.  SMITH further accuses the Umpire of not issuing a "separately itemized' award and purports to undertake efforts to ascertain what is covered.  Again, this is in direct contravention to the Award, which was 20 pages and in Exactimate, a detailed estimating program utilized by even FEDERAL'S experts.

16.     It is evident that SMITH'S denial was clearly made in bad faith.  FEDERAL participated in the appraisal, retained experts on causation of damage, retained experts on the amount of the loss *caused by the covered peril,* submitted the same to the Umpire and, in fact, received an Award based upon its own experts' opinions.  FEDERAL and SMITH sent its appraiser to the Umpire appointment, forced their insured to incur tens of thousands of dollars in

participating in the contractual appraisal process, all to be denied when FEDERAL and SMITH decided they did not like the outcome of a process which it wrote into its policy.   FEDERAL and SMITH now concoct excuses and unfounded explanations so as to not pay its insured what is rightfully covered.

17.    Federal and Smith's wrongful refusal to pay the Appraisal Award based upon self-imposed conditions not contained within the contract of insurance forced LCG to file this suit to recover the remainder of the appraisal award and for FEDERAL'S and SMITH'S bad faith.

## V.
## CONDITIONS PRECEDENT

18.    All conditions precedent to Plaintiff's recovery have been fully performed or have occurred or have been rendered moot by the conduct of Defendants.

## VI.
## BREACH OF CONTRACT

19.    Plaintiff re-alleges and incorporates by reference all facts and allegations set forth in the foregoing Paragraphs.

20.    Plaintiff would show that the above referenced policy, which was issued by Defendant Federal, was in full force and effect at the time of Plaintiff's claim.  Plaintiff would further show that it submitted a claim to Defendant Federal for damage sustained as a covered loss, namely hail and wind.  Notice of claim was given to Federal in accordance with the terms of the policy.   Defendant Federal appointed Defendant Smith to adjust and investigate the claim. Defendant Federal accepted coverage for the loss, but a dispute arose as to the amount of the loss sustained by Plaintiff as a result of the hail/wind storm.

21.     Therefore, pursuant to the policy of insurance, on November 1, 2016, Plaintiff invoked the appraisal provision of the policy.   Pursuant to such provision, Plaintiff appointed Sergio De La Canal of CORRECTCLAIM as its appraiser and Defendant Federal appointed James Gregory of Gerloff and as its appraiser.   Edward Batis was appointed by Bexar District Court as Umpire.

22.     Appraisal commenced on December 1, 2016.   Evidence and witnesses were presented before the umpire by both parties.   Each party fully presented their positions, experts, witnesses, and costs of repair/replacement to the Umpire, both parties limiting their presentation of evidence to costs of repair/replacement attributable to direct physical loss or damage caused by the covered peril of hail.

23.     Following the consideration of substantial evidence, on May 8, 2017, the umpire issued his award "from damage occurring on or about 04/12/2016 and the amount of loss sustained by wind/hail on that day" of $3,34,994.41 (RCV) and $2,396,307.66 (ACV).   Despite the award being rendered on Defendant Federal's appraiser's appraised amount of loss and the fact that the procedure is **contractually binding**, Defendant Federal has refused to pay Plaintiff the Award according to its obligations under the contract of insurance. As such, Defendant Federal has committed breach of contract of insurance between the parties, which has caused injury to Plaintiff.

24.     Plaintiff further affirmatively pleads that Defendants are estopped from contending that the appraisal process is void and not binding as Defendants fully participated in the process and the Defendants drafted the applicable provisions.

25.     Plaintiff further affirmatively pleads the statute of frauds.

## VII.
### BREACH OF THE DUTY OF GOOD FAITH & FAIR DEALING

26.     Plaintiff re-alleges and incorporates by reference all facts and allegations set forth in the foregoing paragraphs.

27.     Plaintiff would show that a special relationship exists between Defendant Federal and Plaintiff such that Defendant Federal owed Plaintiff a duty to deal fairly and in good faith. Plaintiff would further shows that Defendant Federal breached this duty owed to Plaintiff when it denied payment when liability was reasonably clear.   Defendant Federal's breach caused its insured, Plaintiff, damage.

## VIII.
### VIOLATIONS OF CHAPTER 541 OF THE TEXAS INSURANCE CODE – DECEPTIVE INSURANCE PRACTICES

28.     Incorporating all the foregoing paragraphs, Plaintiff brings a cause of action against Defendants FEDERAL and SMITH for violations of Texas Insurance Code chapter 541, which provides a cause of action for unfair or deceptive insurance practices.

29.     Chapter 541 of the Texas Insurance Code defines unfair methods of competition and unfair and deceptive acts or practices in the business of insurance.  As set forth in the above paragraphs, FEDERAL and SMITH, have violated the following provisions of Chapter 541 of the Texas Insurance Code:

- Making or causing to be made misrepresentations regarding the terms of the policy. TEX. INS. CODE §541.051(1)(A).

- Making or causing to be made misrepresentations regarding the benefits or advantages promised by any policy.  TEX. INS. CODE §541.051(1)(B).

- Knowingly misrepresenting a material fact or policy provision TEX. INS. CODE §541.061(1).

- Leaving out a material fact, so that other statements, so that other statements are rendered misleading. TEX. INS. CODE §541.061(2).

- Making a statement in a way that would lead a reasonably prudent person to a false conclusion about a material fact. TEX. INS. CODE §541.061(3).

- Misrepresenting to its insured a material fact or policy provision relating to the coverage at issue. TEX. INS. CODE §541.060(a)(1).

- Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear. TEX. INS. CODE §541.060(a)(2)(A)

30.     The above violations of Chapter 541 of the Texas Insurance Code caused Plaintiff's damages set forth herein.  Plaintiff's would show that Defendants, FEDERAL and SMITH, have committed these acts and that these acts were a producing cause of Plaintiff's damages as hereinafter set forth.

## IX.
## DECEPTIVE TRADE PRACTICES - CONSUMER PROTECTION ACT

31.     Plaintiff re-alleges and incorporates by reference all facts and allegations set forth in the foregoing paragraphs.

32.     Plaintiff also hereby invokes the provisions of the Texas Business and Commerce Code §17.41 et seq., commonly referred to as the Deceptive Trade Practices - Consumer Protection Act.

33.     Plaintiff has a cause of action against Defendant FEDERAL and SMITH under the provisions of the Deceptive Trade Practices - Consumer Protection Act pursuant to §17.50(a) which provides as follows:

"A consumer may maintain an action where any of the following constitute a producing cause of actual damages:

The use or employment by any person of a false, misleading or deceptive act or practice that is specifically enumerated in a subdivision of Subsection (b) of Section 17.46 of this Subchapter;

Any unconscionable action or course of action by any person.

34.   **_Laundry List Violations._**   Defendants, FEDERAL and SMITH have also violated various provisions of Texas Business and Commerce Code §17.46(b) including, but not limited to the following:

In representing that goods or services have characteristics and benefits which it does not have;

In representing that the policy was of a particular standard when it is of another;

In representing that the policy involves rights, remedies, or obligations which it does not have, or which are prohibited by law;

In failing to disclose information concerning the policy which was known at the time of the transaction if such failure to disclose such information was intended to induce Plaintiff into a transaction into which they would not have entered had the information been disclosed.

35.   The above violations of Texas Business and Commerce Code §17.46(b) were a producing cause of Plaintiff's damages as hereinafter set forth and were committed knowingly.

36.   **_Tie-In Statute._**   The Legislature has enumerated that any violation of Chapter 541 of the Texas Insurance Code constitutes a violation of the DTPA. TEX. INS. CODE §541.151. As such, Plaintiff incorporates all the facts and allegations set forth above as violations of Chapter 541 of the Texas Insurance Code which are also a violation of the DTPA.

37.   **_Unconscionable Action or Course of Action._**   Incorporating all of the foregoing paragraphs, Defendants, FEDERAL and SMITH by virtue of their conduct as described above, engaged in an unconscionable action or course of action as that term is defined by the Deceptive Trade Practices - Consumer Protection Act. Plaintiff is entitled to the relief set out in the Act.

## X.
## VIOLATION OF CHAPTER 542 OF THE TEXAS INSURANCE CODE – UNFAIR CLAIM SETTLEMENT PRACTICES ACT

38.     Texas Insurance Code Chapter 542 defines unfair claims settlement practices in the business of insurance.  FEDERAL'S acts, omissions, failure and conduct that are described above violated Chapter 542 of the Texas Insurance Code.  Specifically, FEDERAL violated the following provisions of Chapter 542 by not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear and failing the claim.  TEX. INS. CODE §542.003(b)(4).

39.     Chapter 542 of the Texas Insurance Code also provides for the prompt payment of claims by persons engaging in the business of insurance.  FEDERAL violated Chapter 542.057 by failing to pay Plaintiff's claim within the timelines prescribed by the statute. As a result of the wrongful conduct of FEDERAL, Plaintiff's claim has not been timely paid, and he has been deprived of the use of the funds under the policy of insurance.

40.     Plaintiff is entitled to a statutory eighteen percent (18%) penalty, attorneys' fees and Court costs.

## XI.
## PRODUCING & PROXIMATE CAUSE

41.     Defendants' conduct as described above was a producing and/or proximate cause of Plaintiff's actual damages.  As a result, plaintiff has sustained actual damages well in excess of the minimum jurisdictional limits of this Court.

## XII.
## ATTORNEY'S FEES

42.     Plaintiff is entitled to recover attorney's fees and costs incurred in this lawsuit. Defendants' conduct as described in this petition and the resulting damage and loss of Plaintiff has necessitated Plaintiff retaining the attorneys whose names are subscribed to this petition.  Plaintiff seeks to recover attorney's fees under Civil Practices and Remedies Code 38.001(8) for Defendant FEDERAL's breach of a written contract and under the Texas Deceptive Trade Practices Act for Defendants FEDERAL'S and SMITH'S violations.  Plaintiff is, therefore, entitled to recover from Defendants to compensate Plaintiff for attorney's services in the preparation and prosecution of this action as well as for each appeal to any other court.


## XIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that upon final trial hereof that Plaintiff have judgment against Defendants, for damages in excess of the minimal jurisdictional limits of the Court, post-judgment interest as provided by law, costs of court, attorney's fees and for such other, further and general relief to which Plaintiff may be justly entitled and such other, further and general relief to which Plaintiff may be justly entitled.

Respectfully submitted,

KUSTOFF & PHIPPS, L.L.P.
4103 Parkdale Street
San Antonio, Texas 78229
Telephone:  (210) 614-9444
Telecopier:  (210) 614-9464

BY: */s/ Daniel O. Kustoff*
      DANIEL O. KUSTOFF
      State Bar No. 11770515
      dkustoffservice@kplegal.com
      MELANIE HESSLER PHIPPS
      State Bar No. 24032416
      msanders@kplegal.com
    **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of September, 2017, a true and correct copy of the above and foregoing was forwarded to the following counsel of record:

Mr. Stephen P. Pate
spate@cozen.com
Mr. Karl A. Schulz
kschulz@cozen.com
COZEN O'CONNOR
1221 McKinney Street, Suite 2900
Houston, Texas  77010


        */s/ Daniel O. Kustoff*
        DANIEL O. KUSTOFF

## APPRAISAL AWARD

| | | | | |
|---|---|---|---|---|
| Insured: | LGC Building, Ltd. | Carrier: | Federal Insurance Company | |
| Address: | 4342 IH 35 North | Policy No: | 000036025545 / 000001 | |
| | San Antonio, TX 78 | Claim No: | 076916014835 | |

We, the undersigned, pursuant to the within appointment, do hereby certify that we have conscientiously performed the duties assigned to us, and do hereby award as the actual value of the said property, from damage occurring on or about 04/12/2016 and the amount of loss sustained thereto by wind/hail on that day, the following sums:

| Item | Replacement Cost Value | Depreciation | Actual Cash Value |
|---|---|---|---|
| Main Building: | $3,323,659.54 | $938,686.75 | $2,384,972.79 |
| Temporary Repairs : | $11,334.87 | $0.00 | $11,334.87 |
| Lost Business Income: | Not Appraised | Not Appraised | Not Appraised |
| Additional Living Expense: | $0.00 | $0.00 | $0.00 |
| Total: | $3,334,994.41 | $938,686.75 | $2,396,307.66 |

This award is made without consideration of any prior payment(s) made on this claim or the applicable deductible, if any. All prior advance payment(s) and deductible(s) must be subtracted from the award total. Policy terms, conditions, limitations and exclusions. Except as shown in Exhibit "A", being American Roofing invoices that total $11,334.87, this award excludes any reimbursement to the Insured for any and all other repairs incurred by Insured with American Roofing as the Insured has withdrawn those and waives recovery of same, and agrees to seek only the $11,334.87 awarded herein. The attached Exhibit "B" is the detail of the structure award calculation and is incorporated herein for all purposes.

5/8/17
Date

Appraiser (Insurer)

5/8/17
Date

Appraiser (Insured)          SERGIO DE LA CANAL

5/8/17
Date

Umpire

*Any two signatures above constitute a valid award and are binding to all parties.



EXHIBIT
A

## APPRAISAL AWARD

| | | | |
|---|---|---|---|
| Insured: | LGC Building, Ltd. | Carrier: | Federal Insurance Company |
| Address: | 4342 IH 35 North | Policy No: | 000036025545 / 000001 |
| | San Antonio, TX 78 | Claim No: | 076916014835 |

We, the undersigned, pursuant to the within appointment, do hereby certify that we have conscientiously performed the duties assigned to us, and do hereby award as the actual value of the said property, from damage occurring on or about 04/12/2016 and the amount of loss sustained thereto by wind/hail on that day, the following sums:

| Item | Replacement Cost Value | Depreciation | Actual Cash Value |
|---|---|---|---|
| Main Building: | $3,323,659.54 | $938,686.75 | $2,384,972.79 |
| Temporary Repairs : | $11,334.87 | $0.00 | $11,334.87 |
| Lost Business Income: | Not Appraised | Not Appraised | Not Appraised |
| Additional Living Expense: | $0.00 | $0.00 | $0.00 |
| Total: | $3,334,994.41 | $938,686.75 | $2,396,307.66 |

This award is made without consideration of any prior payment(s) made on this claim or the applicable deductible, if any. All prior advance payment(s) and deductible(s) must be subtracted from the award total. Policy terms, conditions, limitations and exclusions. Except as shown in Exhibit "A", being American Roofing invoices that total $11,334.87, this award excludes any reimbursement to the Insured for any and all other repairs incurred by insured with American Roofing as the Insured has withdrawn those and waives recovery of same, and agrees to seek only the $11,334.87 awarded herein. The attached Exhibit "B" is the detail of the structure award calculation and is incorporated herein for all purposes.

| | |
|---|---|
| _____ | _____ |
| Date | Appraiser (Insurer) |
| _____ | _____ |
| Date | Appraiser (Insured) |
| 5/8/17 | |
| Date | Umpire |

*Any two signatures above constitute a valid award and are binding to all parties.

## AMERICAN ROOFING & METAL CO., INC.

## INVOICES AWARDED IN APPRAISAL

| Invoice Number | Total |
|---|---|
| 30673 | $1,715.76 |
| 31036 | $2,266.76 |
| 31034 | $2,050.26 |
| 30004 | $5,302.09 |
| **TOTAL:** | $11,334.87 |

# EXHIBIT A

**INVOICE**

American Roofing & Metal Co., Inc.

800 Wyoming Street
San Antonio, TEXAS 78203
(210) 224-5464 Fax (210) 224-4506

| ORDER DATE 08/18/2016 | CUSTOMER ACCOUNT NO. 11990 | DATE SHIPPED | ALTERNATE ID 10873 | INVOICE NUMBER 30873 |
|---|---|---|---|---|
| CUSTOMER'S ORDER NUMBER | TERMS Net 30 Days | | Job #:LR37188 | INVOICE DATE 09/14/2016 |

| Sold To: | LGC Building, LTD. c/o Red Star Property Management, Inc. 115 E. Travis San Antonio, TX 78205 | Ship To: | Room Store/ KLN Steel #2 Winnce San Antonio, TX |
|---|---|---|---|

Description of Work Performed:
Commercial Service - Leak Repair
On 8/22/16 we visited the site while it was raining to locate active leaks inside the building and make a roof plan of the locations.
returned on 9/13/16. We worked on the main areas that need attention more than others. Front offices and the wood shop.
wood shop repaired open base flashing at a skylight.
Office:
Removed gravel and asphalt above area of roof leak. Located a hole in the roof felts from deterioration of the roof. Cleaned surrounding area, applied primer and covered area with cold process asphalt and membrane. Covered repair with existing gravel.
This roof is beyond salvage and has reached the end of its service life. Compromised from the hail storm of April 13, 2016

| COMPLETED DATE | DESCRIPTION | QTY | AMOUNT |
|---|---|---|---|
| 09/13/2016 | Total Labor and Material | 1 | 1,585.00 |
| | Invoice Sub-Total | | 1,585.00 |
| | Sales Tax | | 130.76 |
| | Invoice Total | | 1,715.76 |



**INVOICE**

American Roofing & Metal Co., Inc.

800 Wyoming Street
San Antonio, TEXAS 78203
(210) 224-5464 Fax (210) 224-4606

| ORDER DATE | CUSTOMER ACCOUNT NO. | DATE SHIPPED | ALTERNATE ID | INVOICE NUMBER |
|---|---|---|---|---|
| 11/10/2016 | 11990 | | 11036 | 31036 |
| CUSTOMER'S ORDER NUMBER | TERMS | | INVOICE DATE | |
| | Net 30 Days | Job # RF5995 | 01/10/2017 | |

| Sold To: | LGC Building, LTD | Ship To: | Room Store/ KLN Steel |
|---|---|---|---|
| | c/o Red Star Property Management, Inc. | | #2 Winnco |
| | 115 E. Travis | | San Antonio, TX |
| | San Antonio, TX 78205 | | |

Description of Work Performed:
Commercial Service - RF
12/21/16-Reinstall temp covers over the skylights due to long term exposure and wind

| COMPLETED DATE | DESCRIPTION | QTY | AMOUNT |
|---|---|---|---|
| 01/10/2017 | Total Labor and Material | 1 | 2,094.00 |
| | Invoice Sub-Total | | 2,094.00 |
| | Sales Tax | | 172.76 |
| | Invoice Total | | 2,266.76 |

**INVOICE**

American Roofing & Metal Co., Inc.

800 Wyoming Street
San Antonio, TEXAS 78203
(210) 224-5484 Fax (210) 224-4506

| ORDER DATE | CUSTOMER ACCOUNT NO. | DATE SHIPPED | ALTERNATE ID | INVOICE NUMBER |
|---|---|---|---|---|
| 05/23/2016 | 11990 | | 11034 | 31034 |
| CUSTOMER'S ORDER NUMBER | TERMS | | INVOICE DATE | |
| | Net 30 Days | Job # RF5432 | 01/10/2017 | |

| Sold To: | LGC Building, LTD c/o Red Star Property Management, Inc. 115 E. Travis San Antonio, Tx 78205 | Ship To: | Room Store/ KLN Steel #2 Winnco San Antonio, TX. |
|---|---|---|---|

Description of Work Performed:
Commercial Service - RF
6/17/16 - Install temp patches to the gravel roof in various areas over the production area per Casey Mora,

| COMPLETED DATE | DESCRIPTION | QTY | AMOUNT |
|---|---|---|---|
| 01/10/2017 | Total Labor and Material | 1 | 1,894.00 |
| | Invoice Sub-Total | | 1,894.00 |
| | Sales Tax | | 156.26 |
| | Invoice Total | | 2,050.26 |

# INVOICE

American Roofing & Metal Co., Inc.

800 Wyoming Street
San Antonio, TEXAS 78203
(210) 224-8464 Fax (210)-224-4808

| ORDER DATE 04/14/2016 | CUSTOMER ACCOUNT NO. 11990 | DATE SHIPPED | ALTERNATE ID 10004 | INVOICE NUMBER 30004 |
|---|---|---|---|---|
| CUSTOMER'S ORDER NUMBER | TERMS Net 30 Days | Job # RF5349 | | INVOICE DATE 05/11/2016 |

Sold To: LGC Building, LTD
c/o Red Star Property Management, Inc.
1232 North Blvd
Universal City, TX 78148

Ship To: Room Store/ KLN Steel
#2 Winnco
San Antonio, TX

Description of Work Performed:
Commercial Service - RF
1. Install temp covers/patches on approximately 200 ea damaged skylights.
2. Cut (12"x12") 13 each roof cores for insurance and patch back cores.

| COMPLETED DATE | DESCRIPTION | QTY | AMOUNT |
|---|---|---|---|
| 05/11/2016 | Total Labor and Material | 1 | 4,898.00 |
| | Invoice Sub-Total | | 4,898.00 |
| | Sales Tax | | 404.09 |
| | Invoice Total | | 5,302.09 |



Property: LGC Building, LTD
4342 IH 35N
San Antonio, TX 78218

Price List: TXSA8X_DEC16
Labor Efficiency: Restoration/Service/Remodel

# EXHIBIT B

## Main Structure (Warehouse)

### Roof

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Below items are for the Modified bitumen parapet wall repairs. | | | | | | | |
| Remove Built-up roofing - gravel ballast | 54.65 SQ | | | | | | ROOF BID |
| R&R Modified bitumen roof - hot mopped | 54.65 SQ | | | | | | ROOF BID |
| R&R Built-up roof - Additional glass felt layer | 54.65 SQ | | | | | | ROOF BID |
| (Install) Built-up roofing - gravel ballast | 54.65 SQ | | | | | | ROOF BID |
| R&R Membrane roofing - cant strips - perlite | 1,093.00 LF | | | | | | ROOF BID |
| Step flashing | 1,093.00 LF | | | | | | ROOF BID |
| Caulking - butyl rubber | 1,093.00 LF | | | | | | ROOF BID |
| Below items are for the Modified bitumen expansion joint repairs. | | | | | | | |
| R&R Cap flashing - large | 1,048.00 LF | | | | | | ROOF BID |
| Remove Built-up roofing - gravel ballast | 104.80 SQ | | | | | | ROOF BID |
| R&R Modified bitumen roof - hot mopped | 104.80 SQ | | | | | | ROOF BID |
| R&R Built-up roof - Additional glass felt layer | 104.80 SQ | | | | | | ROOF BID |
| (Install) Built-up roofing - gravel ballast | 104.80 SQ | | | | | | ROOF BID |
| Heat, Vent, & Air Conditioning (Bid Item) | 1.00 EA | 37,210.00 | 3,683.80 | 7,442.00 | 48,335.80 | (20,139.92) | 28,195.88 |
| Exhaust fans. - Remove and replace 10 large and 2 small roof mounted exhaust fans - Per bid from Lonestar Mechanical | | | | | | | |
| Heat, Vent, & Air Conditioning (Bid Item) - 7.5 ton Trane Unit* | 1.00 EA | 10,265.00 | 1,016.23 | 2,053.00 | 13,334.23 | (5,555.93) | 7,778.30 |
| Central air - condenser repair - fan guard | 1.00 EA | 184.34 | 18.25 | 36.86 | 239.45 | (0.00) | 239.45 |
| R&R Mercury vapor security light | 1.00 EA | 140.40 | 13.89 | 28.10 | 182.39 | (0.00) | 182.39 |
| R&R Steel door, 3' x 7' | 1.00 EA | 224.70 | 22.25 | 44.96 | 291.91 | (0.00) | 291.91 |
| Detach & Reset Door lockset & deadbolt - exterior | 1.00 EA | 25.49 | 2.52 | 5.10 | 33.11 | (0.00) | 33.11 |
| Detach & Reset Door closer - hydraulic - High grade | 1.00 EA | 21.24 | 2.10 | 4.24 | 27.58 | (0.00) | 27.58 |
| Paint door slab only - 2 coats (per side) | 2.00 EA | 26.05 | 5.16 | 10.42 | 67.68 | (0.00) | 67.68 |
| Metal Structure Repair - Min. Charge - SHROUD* | 1.00 EA | 196.80 | 19.49 | 39.36 | 255.65 | (0.00) | 255.65 |
| Paint Shroud | 1.00 EA | 50.00 | 4.96 | 10.00 | 64.96 | (0.00) | 64.96 |
| **Totals: Roof** | | | 4,788.65 | 9,674.04 | 62,832.76 | 25,695.85 | 37,136.91 |



**Woodshop**  LxWxH 20' 1" x 13' 6" x 8'

| | | |
|---|---|---|
| 537.33 SF Walls | | 271.13 SF Ceiling |
| 808.46 SF Walls & Ceiling | | 271.13 SF Floor |
| 30.13 SY Flooring | | 67.17 LF Floor Perimeter |
| 160.67 SF Long Wall | | 108.00 SF Short Wall |
| 67.17 LF Ceil. Perimeter | | |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| R&R Suspended ceiling tile - 2' x 4' | 271.13 SF | 1.63 | 43.75 | 88.40 | 574.09 | (145.52) | 428.57 |
| R&R 1/2" drywall - hung, taped, heavy texture, ready for paint | 64.00 SF | 2.25 | 14.26 | 28.80 | 187.06 | (0.00) | 187.06 |
| Paint the surface area - two coats | 268.67 SF | 0.70 | 18.62 | 37.62 | 244.31 | (40.71) | 203.60 |
| Remove Glue down carpet | 271.13 SF | 0.47 | 12.61 | 25.48 | 165.52 | (0.00) | 165.52 |
| Glue down carpet | 311.79 SF | 1.94 | 59.88 | 120.98 | 785.73 | (130.95) | 654.78 |
| 15 % waste added for Glue down carpet. | | | | | | | |
| Clean floor - Light | 271.13 SF | 0.25 | 6.71 | 13.56 | 88.05 | (0.00) | 88.05 |
| Contents - move out then reset | 1.00 EA | 42.97 | 4.26 | 8.60 | 55.83 | (0.00) | 55.83 |
| **Totals:  Woodshop** | | | 160.09 | 323.44 | 2,100.59 | 317.18 | 1,783.41 |

**CFO Office**  LxWxH 13' 7" x 10' 7" x 8'

| | | |
|---|---|---|
| 386.67 SF Walls | | 143.76 SF Ceiling |
| 530.42 SF Walls & Ceiling | | 143.76 SF Floor |
| 15.97 SY Flooring | | 48.33 LF Floor Perimeter |
| 108.67 SF Long Wall | | 84.67 SF Short Wall |
| 48.33 LF Ceil. Perimeter | | |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| R&R Suspended ceiling grid - 2' x 4' | 40.00 SF | 1.36 | 5.39 | 10.88 | 70.67 | (17.55) | 53.12 |
| Drywall patch / small repair, ready for paint | 1.00 EA | 52.03 | 5.15 | 10.40 | 67.58 | (0.00) | 67.58 |
| Paint the surface area - two coats | 112.00 SF | 0.70 | 7.76 | 15.68 | 101.84 | (16.97) | 84.87 |
| Contents - move out then reset - Small room | 1.00 EA | 32.25 | 3.19 | 6.46 | 41.90 | (0.00) | 41.90 |
| Clean floor - Light | 143.76 SF | 0.25 | 3.56 | 7.18 | 46.68 | (0.00) | 46.68 |
| **Totals:  CFO Office** | | | 25.05 | 50.60 | 328.67 | 34.52 | 294.15 |



CeO Office                                                    LxWxH 20' 9" x 10' 11" x 8'

506.67 SF Walls                    226.52 SF Ceiling
733.19 SF Walls & Ceiling          226.52 SF Floor
25.17 SY Flooring                  63.33 LF Floor Perimeter
166.00 SF Long Wall                87.33 SF Short Wall
63.33 LF Ceil. Perimeter

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| R&R Suspended ceiling grid - 2' x 4' | 40.00 SF | 1.36 | 5.39 | 10.88 | 70.67 | (17.55) | 53.12 |
| Drywall patch / small repair, ready for paint | 1.00 EA | 52.03 | 5.15 | 10.40 | 67.58 | (0.00) | 67.58 |
| Paint the surface area - two coats | 254.00 SF | 0.70 | 17.60 | 35.56 | 230.96 | (38.49) | 192.47 |
| Contents - move out then reset | 1.00 EA | 42.97 | 4.26 | 8.60 | 55.83 | (0.00) | 55.83 |
| R&R Carpet tile | 226.52 SF | 3.62 | 81.18 | 164.00 | 1,065.18 | (154.48) | 910.70 |
| R&R Cove base molding - rubber or vinyl, 6" high | 63.33 LF | 2.40 | 15.05 | 30.40 | 197.45 | (29.76) | 167.69 |
| Clean floor - Light | 226.52 SF | 0.25 | 5.60 | 11.32 | 73.55 | (0.00) | 73.55 |
| **Totals: CeO Office** | | | 134.23 | 271.16 | 1,761.22 | 240.28 | 1,520.94 |

Computer Room Main

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| R&R Suspended ceiling grid - 2' x 4' | 52.00 SF | 1.36 | 7.00 | 14.14 | 91.86 | (22.82) | 69.04 |
| **Totals: Computer Room Main** | | | 7.00 | 14.14 | 91.86 | 22.82 | 69.04 |



Computer Storage                                             LxWxH 11' 6" x 7' 6" x 8'

304.00 SF Walls                    86.25 SF Ceiling
390.25 SF Walls & Ceiling          86.25 SF Floor
9.58 SY Flooring                   38.00 LF Floor Perimeter
92.00 SF Long Wall                 60.00 SF Short Wall
38.00 LF Ceil. Perimeter

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| R&R Suspended ceiling grid - 2' x 4' | 86.25 SF | 1.36 | 11.61 | 23.46 | 152.37 | (37.84) | 114.53 |
| R&R 1/2" drywall - hung, taped, floated, ready for paint | 100.00 SF | 1.93 | 19.11 | 38.60 | 250.71 | (0.00) | 250.71 |
| Contents - move out then reset - Small room | 1.00 EA | 32.25 | 3.19 | 6.46 | 41.90 | (0.00) | 41.90 |
| Clean floor - Light | 86.25 SF | 0.25 | 2.14 | 4.32 | 28.02 | (0.00) | 28.02 |

Page: 4

### CONTINUED - Computer Storage

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Special Systems - Electrician - per hour | 8.00 HR | 85.00 | 67.32 | 136.00 | 883.32 | (0.00) | 883.32 |
| **Totals: Computer Storage** | | | 103.37 | 208.84 | 1,356.32 | 37.84 | 1,318.48 |

### Showroom

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Seal/prime then paint the surface area (2 coats) - Front Wall Affected Only* | 384.00 SF | 0.73 | 27.76 | 56.06 | 364.14 | (60.69) | 303.45 |
| Paint the surface area - one coat | 538.00 SF | 0.49 | 26.10 | 52.72 | 342.44 | (57.07) | 285.37 |
| Floor protection - self-adhesive plastic film | 1,756.00 SF | 0.47 | 81.71 | 165.06 | 1,072.09 | (0.00) | 1,072.09 |
| Contents - move out then reset - Large room | 1.00 EA | 64.45 | 6.38 | 12.90 | 83.73 | (0.00) | 83.73 |
| Clean floor - Light | 1,756.50 SF | 0.25 | 43.48 | 87.82 | 570.43 | (0.00) | 570.43 |
| **Totals: Showroom** | | | 185.43 | 374.56 | 2,432.83 | 117.76 | 2,315.07 |

### Gym



LxWxH 39' 9" x 19' 9" x 19' 9"

| | |
|---|---|
| 2350.25 SF Walls | 785.06 SF Ceiling |
| 3135.31 SF Walls & Ceiling | 785.06 SF Floor |
| 87.23 SY Flooring | 119.00 LF Floor Perimeter |
| 785.06 SF Long Wall | 390.06 SF Short Wall |
| 119.00 LF Ceil. Perimeter | |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Plaster patch / small repair - ready for paint | 1.00 EA | 128.30 | 12.70 | 25.66 | 166.66 | (0.00) | 166.66 |
| Thin coat plaster (no lath) | 785.06 SF | 2.04 | 158.56 | 320.30 | 2,080.38 | (0.00) | 2,080.38 |
| Seal/prime then paint part of the walls and ceiling (2 coats) | 3,015.31 SF | 0.73 | 217.92 | 440.24 | 2,859.34 | (476.56) | 2,382.78 |
| Floor protection - self-adhesive plastic film | 785.06 SF | 0.47 | 36.53 | 73.80 | 479.31 | (0.00) | 479.31 |
| Painter - per hour - masking of fixtures* | 4.00 HR | 49.57 | 19.63 | 39.66 | 257.57 | (0.00) | 257.57 |
| Content Manipulation charge - per hour | 4.00 HR | 31.50 | 12.48 | 25.20 | 163.68 | (0.00) | 163.68 |
| Scissor lift - 20' platform height - electric powered | 3.00 DA | 102.00 | 30.30 | 61.20 | 397.50 | (0.00) | 397.50 |
| Clean floor - Light | 785.06 SF | 0.25 | 19.43 | 39.26 | 254.96 | (0.00) | 254.96 |

## CONTINUED - Gym

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Totals: Gym | | | 507.55 | 1,025.32 | 6,659.40 | 476.56 | 6,182.84 |
| Total: Main Structure (Warehouse) | | | 5,911.37 | 11,942.10 | 77,563.65 | 26,942.81 | 50,620.84 |

### Office Building (Lower Roof)

#### Roof

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Below items are for the Modified bitumen parapet wall repairs. | | | | | | | |
| Remove Built-up roofing - gravel ballast | 66.25 SQ | | | | | | ROOF BID |
| R&R Modified bitumen roof - hot mopped | 66.25 SQ | | | | | | ROOF BID |
| R&R Built-up roof - Additional glass felt layer | 66.25 SQ | | | | | | ROOF BID |
| (Install) Built-up roofing - gravel ballast | 66.25 SQ | | | | | | ROOF BID |
| R&R Membrane roofing - cant strips - perlite | 1,325.00 LF | | | | | | ROOF BID |
| R&R Cap flashing - large | 1,325.00 LF | | | | | | ROOF BID |
| Step flashing | 1,325.00 LF | | | | | | ROOF BID |
| R&R Counterflashing - Apron flashing | 63.00 LF | | | | | | ROOF BID |
| Caulking - butyl rubber | 63.00 LF | | | | | | ROOF BID |
| Heat, Vent, & Air Conditioning (Bid Item) = 3 ton unit* | 1.00 EA | 5,387.00 | 533.32 | 1,077.40 | 6,997.72 | (2,915.72) | 4,082.00 |
| Totals: Roof | | | 533.32 | 1,077.40 | 6,997.72 | 2,915.72 | 4,082.00 |
| Total: Office Building (Lower Roof) | | | 533.32 | 1,077.40 | 6,997.72 | 2,915.72 | 4,082.00 |

### Metal Building

#### Roof

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| R&R Wall/roof panel - ribbed - 24 gauge - up to 1" | 6,100.00 SF | 5.22 | 3,152.37 | 6,368.40 | 41,362.77 | (6,391.95) | 34,970.82 |
| R&R Ridge cap - metal roofing | 100.00 LF | 6.65 | 65.85 | 133.00 | 863.85 | (97.43) | 766.42 |
| R&R Steel rake/gable trim - color finish | 61.00 LF | 5.17 | 31.21 | 63.06 | 409.64 | (62.47) | 347.17 |
| R&R Closure strips for metal panels | 200.00 LF | 1.82 | 36.04 | 72.80 | 472.84 | (51.96) | 420.88 |

Page: 6

## CONTINUED - Roof

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Step flashing | 61.00 LF | 7.29 | 44.03 | 88.94 | 577.66 | (96.28) | 481.38 |
| R&R Counterflashing - Apron flashing | 61.00 LF | 7.16 | 43.23 | 87.34 | 567.33 | (88.74) | 478.59 |
| Caulking - butyl rubber | 61.00 LF | 2.52 | 15.22 | 30.74 | 199.68 | (33.28) | 166.40 |
| **Totals: Roof** | | | 3,387.95 | 6,844.28 | 44,453.77 | 6,822.11 | 37,631.66 |
| **Total: Metal Building** | | | 3,387.95 | 6,844.28 | 44,453.77 | 6,822.11 | 37,631.66 |

## Detached Building (Shop)

### Roof

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Below items are for the Modified bitumen parapet wall repairs. | | | | | | | |
| Remove Built-up roofing - gravel ballast | 8.90 SQ | | | | | | ROOF BID |
| R&R Modified bitumen roof - hot mopped | 8.90 SQ | | | | | | ROOF BID |
| R&R Built-up roof - Additional glass felt layer | 8.90 SQ | | | | | | ROOF BID |
| (Install) Built-up roofing - gravel ballast | 8.90 SQ | | | | | | ROOF BID |
| R&R Membrane roofing - cant strips - perlite | 178.00 LF | | | | | | ROOF BID |
| Step flashing | 178.00 LF | | | | | | ROOF BID |
| Caulking - butyl rubber | 178.00 LF | | | | | | ROOF BID |
| R&R Exhaust cap - through roof - 6" to 8" | 1.00 EA | 71.68 | 7.10 | 14.32 | 93.10 | (0.00) | 93.10 |
| Window Reglazing/Repair - Labor Minimum | 1.00 EA | 144.33 | 14.29 | 28.86 | 187.48 | (0.00) | 187.48 |
| **Totals: Roof** | | | 21.39 | 43.18 | 280.58 | 0.00 | 280.58 |
| **Total: Detached Building (Shop)** | | | 21.39 | 43.18 | 280.58 | 0.00 | 280.58 |

### Roof Bid

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Roofing (Bid Item) | 1.00 EA | 2,051,905.00 | 203,138.59 | 410,381.00 | 2,665,424.59 | (888,474.86) | 1,776,949.73 |
| Roofing repairs - Per bid from Empire Roofing | | | | | | | |
| ROOFING - Deck Repair Allowance | 1.00 EA | 25,000.00 | 2,475.00 | 5,000.00 | 32,475.00 | (13,531.25) | 18,943.75 |

CONTINUED - Roof Bid

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Totals: Roof Bid | | | 205,613.59 | 415,381.00 | 2,697,899.59 | 902,006.11 | 1,795,893.48 |

### General Items

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Temporary toilet (per month) | 2.00 MO | 132.01 | 26.14 | 52.80 | 342.96 | (0.00) | 342.96 |
| Fall protection - Allowance | 1.00 EA | 3,500.00 | 346.50 | 700.00 | 4,546.50 | (0.00) | 4,546.50 |
| Barricade/warning sign/traffic cone - Min. equip. charge | 4.00 EA | 52.50 | 20.80 | 42.00 | 272.80 | (0.00) | 272.80 |
| Protect work areas from traffic. | | | | | | | |
| Barricade and warning device - setup and takedown | 12.00 HR | 51.52 | 61.20 | 123.64 | 803.08 | (0.00) | 803.08 |
| R&R Temporary fencing | 200.00 LF | 6.70 | 132.67 | 268.00 | 1,740.67 | (0.00) | 1,740.67 |
| Staging area for materials and equipment. | | | | | | | |
| General clean - up | 80.00 HR | 32.24 | 255.34 | 515.84 | 3,350.38 | (0.00) | 3,350.38 |
| Commercial Supervision / Project Management - per hour | 120.00 HR | 56.90 | 675.97 | 1,365.60 | 8,869.57 | (0.00) | 8,869.57 |
| Dumpster load - Approx. 40 yards, 7-8 tons of debris | 1.00 EA | 821.00 | 81.28 | 164.20 | 1,066.48 | (0.00) | 1,066.48 |
| Telehandler/forklift and operator | 40.00 HR | 78.13 | 309.40 | 625.04 | 4,059.64 | (0.00) | 4,059.64 |
| Solar electric panel - Detach & reset | 1.00 EA | 362,636.00 | 35,900.96 | 72,527.20 | 471,064.16 | (0.00) | 471,064.16 |
| Totals: General Items | | | 37,810.26 | 76,384.32 | 496,116.24 | 0.00 | 496,116.24 |

### Labor Minimums Applied

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Door labor minimum | 1.00 EA | 100.56 | 9.96 | 20.12 | 130.64 | (0.00) | 130.64 |
| Finish hardware labor minimum | 1.00 EA | 77.70 | 7.69 | 15.54 | 100.93 | (0.00) | 100.93 |
| Vinyl floor covering labor minimum | 1.00 EA | 89.63 | 8.87 | 17.92 | 116.42 | (0.00) | 116.42 |
| Totals: Labor Minimums Applied | | | 26.52 | 53.58 | 347.99 | 0.00 | 347.99 |

| Line Item Totals: | | | 253,304.40 | 511,725.86 | 3,323,659.54 | 938,686.75 | 2,384,972.79 |

**Grand Total Areas:**

| | | | | | |
|---|---|---|---|---|---|
| 4,084.92 | SF Walls | 1,512.72 | SF Ceiling | 5,597.63 | SF Walls and Ceiling |
| 1,512.72 | SF Floor | 168.08 | SY Flooring | 335.83 | LF Floor Perimeter |
| 1,312.40 | SF Long Wall | 730.06 | SF Short Wall | 335.83 | LF Ceil. Perimeter |
| | | | | | |
| 0.00 | Floor Area | 0.00 | Total Area | 0.00 | Interior Wall Area |
| 0.00 | Exterior Wall Area | 0.00 | Exterior Perimeter of Walls | | |
| | | | | | |
| 0.00 | Surface Area | 0.00 | Number of Squares | 0.00 | Total Perimeter Length |
| 0.00 | Total Ridge Length | 0.00 | Total Hip Length | | |

## Summary

| | |
|---|---:|
| Line Item Total | 2,558,629.28 |
| Overhead | 255,862.93 |
| Profit | 255,862.93 |
| Comm. Rpr/Remdl Tax | 253,304.40 |
| **Replacement Cost Value** | $3,323,659.54 |
| Less Depreciation | (938,686.75) |
| **Actual Cash Value** | $2,384,972.79 |
| **Net Claim** | $2,384,972.79 |
| Total Recoverable Depreciation | 938,686.75 |
| **Net Claim if Depreciation is Recovered** | $3,323,659.54 |

## Recap of Taxes, Overhead and Profit

| | Overhead (10%) | Profit (10%) | Comm. Rpr/Remdl Tax (8.25%) | Manuf. Home Tax (5%) |
|---|---|---|---|---|
| Line Items | 255,862.93 | 255,862.93 | 253,304.40 | 0.00 |
| Total | 255,862.93 | 255,862.93 | 253,304.40 | 0.00 |

## Recap by Room

| | | |
|---|---:|---:|
| **Area: Main Structure (Warehouse)** | | |
| Roof | 48,370.07 | 1.89% |
| Woodshop | 1,617.06 | 0.06% |
| CFO Office | 253.02 | 0.01% |
| CeO Office | 1,355.83 | 0.05% |
| Computer Room Main | 70.72 | |
| Computer Storage | 1,044.11 | 0.04% |
| Showroom | 1,872.84 | 0.07% |
| Gym | 5,126.53 | 0.20% |
| | | |
| **Area Subtotal: Main Structure (Warehouse)** | 59,710.18 | 2.33% |
| | | |
| **Area: Office Building (Lower Roof)** | | |
| Roof | 5,387.00 | 0.21% |
| | | |
| **Area Subtotal: Office Building (Lower Roof)** | 5,387.00 | 0.21% |
| | | |
| **Area: Metal Building** | | |
| Roof | 34,221.54 | 1.34% |
| | | |
| **Area Subtotal: Metal Building** | 34,221.54 | 1.34% |
| | | |
| **Area: Detached Building (Shop)** | | |
| Roof | 216.01 | 0.01% |
| | | |
| **Area Subtotal: Detached Building (Shop)** | 216.01 | 0.01% |
| Roof Bid | 2,076,905.00 | 81.17% |
| General Items | 381,921.66 | 14.93% |
| Labor Minimums Applied | 267.89 | 0.01% |
| | | |
| **Subtotal of Areas** | 2,558,629.28 | 100.00% |
| | | |
| **Total** | 2,558,629.28 | 100.00% |

## Recap by Category with Depreciation

| O&P Items | RCV | Deprec. | ACV |
|---|---:|---:|---:|
| ACOUSTICAL TREATMENTS | 665.35 | 222.89 | 442.46 |
| CLEANING | 3,396.51 | | 3,396.51 |
| CONTENT MANIPULATION | 340.89 | | 340.89 |
| GENERAL DEMOLITION | 4,070.83 | | 4,070.83 |
| DOORS | 314.01 | | 314.01 |
| DRYWALL | 390.22 | | 390.22 |
| ELECTRICAL - SPECIAL SYSTEMS | 363,316.00 | | 363,316.00 |
| HEAVY EQUIPMENT | 3,431.20 | | 3,431.20 |
| FLOOR COVERING - CARPET | 1,318.41 | 263.68 | 1,054.73 |
| FLOOR COVERING - VINYL | 227.06 | 27.49 | 199.57 |
| FINISH HARDWARE | 124.43 | | 124.43 |
| HEAT, VENT & AIR CONDITIONING | 53,046.34 | 26,431.00 | 26,615.34 |
| LABOR ONLY | 6,828.00 | | 6,828.00 |
| LIGHT FIXTURES | 129.95 | | 129.95 |
| MOISTURE PROTECTION | 153.72 | 30.74 | 122.98 |
| METAL STRUCTURES & COMPONENTS | 29,960.80 | 5,952.80 | 24,008.00 |
| INTERIOR LATH & PLASTER | 1,729.82 | | 1,729.82 |
| PAINTING | 4,684.07 | 637.87 | 4,046.20 |
| ROOFING | 2,078,563.08 | 833,580.63 | 1,244,982.45 |
| SCAFFOLDING | 3,500.00 | | 3,500.00 |
| TEMPORARY REPAIRS | 2,294.26 | | 2,294.26 |
| WINDOW REGLAZING & REPAIR | 144.33 | | 144.33 |
| O&P Items Subtotal | 2,558,629.28 | 867,147.10 | 1,691,482.18 |
| Overhead | 255,862.93 | | 255,862.93 |
| Profit | 255,862.93 | | 255,862.93 |
| Comm. Rpr/Remdl Tax | 253,304.40 | 71,539.65 | 181,764.75 |
| Total | 3,323,659.54 | 938,686.75 | 2,384,972.79 |

CAUSE NO. 2017-CI-11597

| | | |
|---|---|---|
| LGC BUILDING LTD. | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | 285th JUDICIAL DISTRICT |
| | § | |
| FEDERAL INSURANCE CO. and | § | |
| BYRON ERIC SMITH | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes LGC BUILDING LTD. (hereinafter "LGC"), herein Plaintiff, and files Plaintiff's Second Amended Original Petition against FEDERAL INSURANCE COMPANY ("Federal") and BYRON ERIC SMITH ("Smith"), herein collectively Defendants, and in support thereof, respectfully shows unto the Court the following:

### I.
### STANDING PRETRIAL ORDER CONCERNING
### BEXAR COUNTY COMMERCIAL HAIL CLAIMS

This case is governed by the Standing Pretrial Order Concerning Bexar County Commercial Hail Claims issued on November 30, 2016, a copy which is attached hereto as Exhibit A.

### II.
### CLAIM FOR RELIEF

Plaintiff seeks monetary relief of over $1,000,000.00. Plaintiff further seeks any and all additional relief to which it may show itself to be entitled to at law or in equity.

### III.
### DISCOVERY LEVEL

Pursuant to Rule 190 of Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level III and will seek to enter a Docket Control Plan—by Order.

Plaintiff's First Amended Original Petition

**EXHIBIT**
C

Page 1 of 12

## IV.
## PARTIES

Plaintiff is an Texas Limited Partnership with its principal office in San Antonio, Texas.

Defendant, FEDERAL INSURANCE COMPANY, is a foreign insurance company who conducts business in the State of Texas and its contact and business in the State of Texas gave rise to the facts and circumstances that constitute the basis of this lawsuit. Defendant, FEDERAL INSURANCE COMPANY has made an appearance in this matter; therefore, service of process is not necessary.

Defendant, BYRON ERIC SMITH, is a Texas resident who has made an appearance in this matter; therefore, service of process is not necessary.

## V.
## FACTUAL BACKGROUND

This is a breach of contract, bad faith, Deceptive Trade Practices Act (herein DTPA) case arising out of FEDERAL'S and SMITH'S refusal to pay an appraisal award.

By way of background, on April 12, 2016, LGC's commercial property sustained significant damage as a result of a substantial hail storm in San Antonio, Texas. Pursuant to the policy of insurance issued by FEDERAL, LGC made a claim for its losses. FEDERAL assigned and appointed SMITH to handle and adjust the claim. LGC performed all its obligations under the policy by immediately providing FEDERAL with all the requested information.

However, the parties were not able to reach an agreement on the amount of LGC's loss.

The policy of insurance details a **binding** appraisal procedure that the parties were to follow in the event an agreement could not be reached on the amount of a loss which provides:

> If you and we do not agree on the amount of the loss or damage, either party may make a written demand for an appraisal of the loss or damage. In this event, you

will select and pay a competent and impartial appraiser, and we will select and pay a competent and impartial appraiser. The two appraisers will select and umpire. If the appraisers cannot agree on an umpire, either may request that a judge of a court having jurisdiction made the selection. Each appraiser will separately state the value of the property and the amount of the loss or damage. If the appraisers do not agree, they will submit their statements to the umpire. **Agreement by the umpire and either of the appraisers will be binding on you and us.**

Pursuant to the above contractual provisions, on November 1, 2016, LGC invoked the appraisal provisions.

LGC appointed Sergio De La Canal of CORRECTCLAIM as its appraiser. SMITH accepted notice of LCG's invocation of appraisal and appointed James Gregory of Gerloff Company, Inc., as its appraiser.

The appraisers could not agree on an amount of the loss or ultimately an umpire. Therefore, the Court was petitioned and Edward Batis was appointed by the Bexar County District Court as the umpire.

Appraisal commenced on December 1, 2016. Over the following weeks, FEDERAL and LCG both presented evidence and witnesses to the Umpire. Each party fully represented their positions through engineering experts, witnesses, and costs of repair/replacement experts. FEDERAL undoubtedly only presented evidence of the amount of the loss attributable to direct physical loss or damage caused by the admittedly covered peril of hail.

Following the consideration of substantial evidence and full participation in the appraisal process by both parties, on May 8, 2017, the umpire issued his *detailed* award "from damage occurring on or about 04/12/2016" and the amount of loss sustained by wind/hail on that day" of $3,34,994.41 (RCV) and $2,396,307.66 (ACV). *Award attached as Exhibit A.* The award was

rendered based upon FEDERAL'S appraiser's appraised amount of the loss, not LCG's appraiser's appraised value.

Following receipt of the Award, on May 12, 2017, SMITH refused payment of the Award (minus deductible and previous payments). Instead, SMITH issued a *partial* payment to LGC of $701,057.78. SMITH based his refusal to pay the Award (which is based on his own appraiser's amount of the loss), on unfounded grounds which were in direct contravention to the Award and the insurance contract. SMITH stated "the payment represents the highest amount we can ascertain from all information obtained by us and submitted by you to date in this claim and during the appraisal to be reasonably clearly owed as a result of hail damage to the property on April 12, 2016." The Umpire's award, however, did not contain *anything but* damage caused by the covered peril. In fact, the Umpire explicitly stated the same in his Award. Furthermore, it is elementary that FEDERAL'S own appraiser would not have submitted any amounts for damage that was not the result of the wind/hail covered peril. SMITH further accuses the Umpire of not issuing a "separately itemized' award and purports to undertake efforts to ascertain what is covered. Again, this is in direct contravention to the Award, which was 20 pages and in Exactimate, a detailed estimating program utilized by even FEDERAL'S experts.

It is evident that SMITH'S denial was clearly made in bad faith. FEDERAL participated in the appraisal, retained experts on causation of damage, retained experts on the amount of the loss *caused by the covered peril*, submitted the same to the Umpire and, in fact, received an Award based upon its own experts' opinions. FEDERAL and SMITH sent its appraiser to the Umpire appointment, forced their insured to incur tens of thousands of dollars in participating in the contractual appraisal process, all to be denied when FEDERAL and SMITH decided they did not like the outcome of a process which it wrote into its policy. FEDERAL and SMITH now

concoct excuses and unfounded explanations so as to not pay its insured what is rightfully covered.

Federal and Smith's wrongful refusal to pay the Appraisal Award based upon self-imposed conditions not contained within the contract of insurance forced LCG to file this suit to recover the remainder of the appraisal award and for FEDERAL'S and SMITH'S bad faith.

At all times relevant to this matter, SMITH was an employee and vice principal of FEDERAL with full authority to bind the company by way of his actions and omissions.

Further, it is evident that FEDERAL has ratified his actions and omissions.

## VI.
## CONDITIONS PRECEDENT

All conditions precedent to Plaintiff's recovery have been fully performed or have occurred or have been rendered moot by the conduct of Defendants.

## VII.
## BREACH OF CONTRACT

Plaintiff re-alleges and incorporates by reference all facts and allegations set forth in the foregoing Paragraphs.

Plaintiff would show that the above referenced policy, which was issued by Defendant Federal, was in full force and effect at the time of Plaintiff's claim. Plaintiff would further show that it submitted a claim to Defendant Federal for damage sustained as a covered loss, namely hail and wind. Notice of claim was given to Federal in accordance with the terms of the policy. Defendant Federal appointed Defendant Smith to adjust and investigate the claim. Defendant Federal accepted coverage for the loss, but a dispute arose as to the amount of the loss sustained by Plaintiff as a result of the hail/wind storm.

Therefore, pursuant to the policy of insurance, on November 1, 2016, Plaintiff invoked the appraisal provision of the policy.  Pursuant to such provision, Plaintiff appointed Sergio De La Canal of CORRECTCLAIM as its appraiser and Defendant Federal appointed James Gregory of Gerloff and as its appraiser.  Edward Batis was appointed by Bexar District Court as Umpire.

Appraisal commenced on December 1, 2016. Evidence and witnesses were presented before the umpire by both parties.  Each party fully presented their positions, experts, witnesses, and costs of repair/replacement to the Umpire, both parties limiting their presentation of evidence to costs of repair/replacement attributable to direct physical loss or damage caused by the covered peril of hail.

Following the consideration of substantial evidence, on May 8, 2017, the umpire issued his award "from damage occurring on or about 04/12/2016 and the amount of loss sustained by wind/hail on that day" of $3,34,994.41 (RCV) and $2,396,307.66 (ACV).  Despite the award being rendered on Defendant Federal's appraiser's appraised amount of loss and the fact that the procedure is **contractually binding**, Defendant Federal has refused to pay Plaintiff the Award according to its obligations under the contract of insurance. As such, Defendant Federal has committed breach of contract of insurance between the parties, which has caused injury to Plaintiff.

Plaintiff further affirmatively pleads that Defendants are estopped from contending that the appraisal process is void and not binding as Defendants fully participated in the process and the Defendants drafted the applicable provisions.  Defendants further accepted substantial insurance premiums under the language of the policy to the benefit and now seemingly claim certain provisions now have NO or limited meaning because the provisions have operated to Defendants' detriment.

Plaintiff further affirmatively pleads the statute of frauds.

---

Plaintiff's Second Amended Original Petition                                    Page 6 of 12

## VIII.
## BREACH OF THE DUTY OF GOOD FAITH & FAIR DEALING

1.      Plaintiff re-alleges and incorporates by reference all facts and allegations set forth in the foregoing paragraphs.

2.      Plaintiff would show that a special relationship exists between Defendant Federal and Plaintiff such that Defendant Federal owed Plaintiff a duty to deal fairly and in good faith. Plaintiff would further shows that Defendant Federal breached this duty owed to Plaintiff when it denied payment when liability was reasonably clear.  Defendant Federal's breach caused its insured, Plaintiff, damage.

## IX.
## VIOLATIONS OF CHAPTER 541 OF THE TEXAS INSURANCE CODE – DECEPTIVE INSURANCE PRACTICES

Incorporating all the foregoing paragraphs, Plaintiff brings a cause of action against Defendants FEDERAL and SMITH for violations of Texas Insurance Code chapter 541, which provides a cause of action for unfair or deceptive insurance practices.

Chapter 541 of the Texas Insurance Code defines unfair methods of competition and unfair and deceptive acts or practices in the business of insurance.  As set forth in the above paragraphs, FEDERAL and SMITH, have violated the following provisions of Chapter 541 of the Texas Insurance Code:

- Making or causing to be made misrepresentations regarding the terms of the policy. TEX. INS. CODE §541.051(1)(A).

- Making or causing to be made misrepresentations regarding the benefits or advantages promised by any policy.  TEX. INS. CODE §541.051(1)(B).

- Knowingly misrepresenting a material fact or policy provision TEX. INS. CODE §541.061(1).

---

- Leaving out a material fact, so that other statements, so that other statements are rendered misleading. TEX. INS. CODE §541.061(2).

- Making a statement in a way that would lead a reasonably prudent person to a false conclusion about a material fact. TEX. INS. CODE §541.061(3).

- Misrepresenting to its insured a material fact or policy provision relating to the coverage at issue. TEX. INS. CODE §541.060(a)(1).

- Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear. TEX. INS. CODE §541.060(a)(2)(A)

The above violations of Chapter 541 of the Texas Insurance Code caused Plaintiff's damages set forth herein. Plaintiff's would show that Defendants, FEDERAL and SMITH, have committed these acts and that these acts were a producing cause of Plaintiff's damages as hereinafter set forth.

## X.
## DECEPTIVE TRADE PRACTICES - CONSUMER PROTECTION ACT

Plaintiff re-alleges and incorporates by reference all facts and allegations set forth in the foregoing paragraphs.

Plaintiff also hereby invokes the provisions of the Texas Business and Commerce Code §17.41 et seq., commonly referred to as the Deceptive Trade Practices - Consumer Protection Act.

Plaintiff has a cause of action against Defendant FEDERAL and SMITH under the provisions of the Deceptive Trade Practices - Consumer Protection Act pursuant to §17.50(a) which provides as follows:

> "A consumer may maintain an action where any of the following constitute a producing cause of actual damages:
>
> The use or employment by any person of a false, misleading or deceptive act or practice that is specifically enumerated in a subdivision of Subsection (b) of Section 17.46 of this Subchapter;

---

Plaintiff's Second Amended Original Petition                     Page **8** of **12**

Any unconscionable action or course of action by any person.

*Laundry List Violations.* Defendants, FEDERAL and SMITH have also violated various provisions of Texas Business and Commerce Code §17.46(b) including, but not limited to the following:

> In representing that goods or services have characteristics and benefits which it does not have;

> In representing that the policy was of a particular standard when it is of another;

> In representing that the policy involves rights, remedies, or obligations which it does not have, or which are prohibited by law;

> In failing to disclose information concerning the policy which was known at the time of the transaction if such failure to disclose such information was intended to induce Plaintiff into a transaction into which they would not have entered had the information been disclosed.

The above violations of Texas Business and Commerce Code §17.46(b) were a producing cause of Plaintiff's damages as hereinafter set forth and were committed knowingly.

*Tie-In Statute.* The Legislature has enumerated that any violation of Chapter 541 of the Texas Insurance Code constitutes a violation of the DTPA. TEX. INS. CODE §541.151. As such, Plaintiff incorporates all the facts and allegations set forth above as violations of Chapter 541 of the Texas Insurance Code which are also a violation of the DTPA.

*Unconscionable Action or Course of Action.* Incorporating all of the foregoing paragraphs, Defendants, FEDERAL and SMITH by virtue of their conduct as described above, engaged in an unconscionable action or course of action as that term is defined by the Deceptive Trade Practices - Consumer Protection Act. Plaintiff is entitled to the relief set out in the Act.

## XI.
## VIOLATION OF CHAPTER 542 OF THE TEXAS INSURANCE CODE –UNFAIR CLAIM SETTLEMENT PRACTICES ACT

Texas Insurance Code Chapter 542 defines unfair claims settlement practices in the business of insurance.  FEDERAL'S acts, omissions, failure and conduct that are described above violated Chapter 542 of the Texas Insurance Code.  Specifically, FEDERAL violated the following provisions of Chapter 542 by not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear and failing the claim.  TEX. INS. CODE §542.003(b)(4).

Chapter 542 of the Texas Insurance Code also provides for the prompt payment of claims by persons engaging in the business of insurance.  FEDERAL violated Chapter 542.057 by failing to pay Plaintiff's claim within the timelines prescribed by the statute. As a result of the wrongful conduct of FEDERAL, Plaintiff's claim has not been timely paid, and he has been deprived of the use of the funds under the policy of insurance.

Plaintiff is entitled to a statutory eighteen percent (18%) penalty, attorneys' fees and Court costs.

## XII.
## PRODUCING & PROXIMATE CAUSE

Defendants' conduct as described above was a producing and/or proximate cause of Plaintiff's actual damages.  As a result, plaintiff has sustained actual damages well in excess of the minimum jurisdictional limits of this Court.

## XIII.
## ATTORNEY'S FEES

Plaintiff is entitled to recover attorney's fees and costs incurred in this lawsuit. Defendants' conduct as described in this petition and the resulting damage and loss of Plaintiff has

necessitated Plaintiff retaining the attorneys whose names are subscribed to this petition. Plaintiff seeks to recover attorney's fees under Civil Practices and Remedies Code 38.001(8) for Defendant FEDERAL's breach of a written contract and under the Texas Deceptive Trade Practices Act for Defendants FEDERAL'S and SMITH'S violations. Plaintiff is, therefore, entitled to recover from Defendants to compensate Plaintiff for attorney's services in the preparation and prosecution of this action as well as for each appeal to any other court.

## XIV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that upon final trial hereof that Plaintiff have judgment against Defendants, for damages in excess of the minimal jurisdictional limits of the Court, post-judgment interest as provided by law, costs of court, attorney's fees and for such other, further and general relief to which Plaintiff may be justly entitled and such other, further and general relief to which Plaintiff may be justly entitled.

**Respectfully submitted,**

KUSTOFF & PHIPPS, L.L.P.
4103 Parkdale Street
San Antonio, Texas 78229
Telephone: (210) 614-9444
Telecopier: (210) 614-9464

BY: */s/ Daniel O. Kustoff*
DANIEL O. KUSTOFF
State Bar No. 11770515
dkustoffservice@kplegal.com
MELANIE HESSLER PHIPPS
State Bar No. 24032416
msanders@kplegal.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2017, a true and correct copy of the above and foregoing was forwarded to the following counsel of record:

Mr. Stephen P. Pate
spate@cozen.com
Mr. Karl A. Schulz
kschulz@cozen.com
COZEN O'CONNOR
1221 McKinney Street, Suite 2900
Houston, Texas  77010

/s/ Daniel O. Kustoff
DANIEL O. KUSTOFF

# 68881

| | | |
|---|---|---|
| **IN RE:** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **BEXAR H A I L** | § | |
| | § | **BEXAR COUNTY, TEXAS** |
| **COMMERCIAL** | § | |
| | § | |
| **CLAIM LITIGATION** | § | **CIVIL JUDICIAL DISTRICT COURTS** |

## STANDING PRETRIAL ORDER CONCERNING
## BEXAR COUNTY COMMERCIAL HAIL CLAIMS

This order applies to pretrial matters in commercial property insurance cases filed in the District Courts of Bexar County, Texas that involve insurance disputes arising from the hail storms occurring in Bexar County in April and May of 2016. The purpose of this order is to expedite pretrial matters, discovery and mediation in order to minimize court costs and litigation expenses.

This order shall be posted on the Bexar County District Clerk website and shall be attached to the Original Petition of applicable cases. All attorneys and parties should endeavor to notify others about this order.

Parties seeking to be excused from any part of this order must set a hearing and request relief from the court.

**AUTOMATIC ABATEMENT** – The filing of an original answer by the commercial insurance carrier shall trigger an immediate and automatic abatement. The case shall remain abated until 30 days after a mediation impasse.

The abatement period will apply to all court ordered deadlines and Rule 190 discovery deadlines. The abatement period will not apply to the deadlines in this order or to any statutory deadline, interest or penalties that may apply under any statutory code or law. The parties may send written discovery during the abatement time period, however, the responses and objections to those discovery requests will not be due until 30 days after the end of the abatement period.

**MEDIATION** – The parties shall agree to a mediator and to a mediation date. An Agreed Mediation Order, in the form attached, shall be filed with the court within 120 days after the answer is filed.

Within 15 days of an unsuccessful mediation, the parties will submit a proposed Agreed Scheduling Order to the court.

**DISCOVERY** – Within 120 days of the filing of an answer by the commercial insurance carrier, the parties will use their best efforts to exchange information and documentation pertaining to the commercial property, including the following: expert reports, engineering reports, estimates of damage or repairs; contents lists for contents damage claim(s); photographs; repair receipts or invoices; the non-privileged portions of the commercial insurance carrier and adjusting company's claims file (including all claim diary notes, activity logs, loss notes and email correspondence regarding the insurance claim); payment ledger, payment log and/or proof of payment from the insurance carrier; a copy of the insurance policy in effect at the time of the respective storm claim(s); and the non-privileged portions of the underwriting file. If the insurance carrier is not in possession of the adjusting company's/adjuster's claims file, and the adjusting company/adjuster is not named as a party in the lawsuit and represented by separate counsel, then the insurance carrier shall seek the adjusting company's claims file and use their best efforts to exchange this information within the 120 day time period.  The insurance carrier is also ordered to notify

# 68881



EXHIBIT

A

# 68881

the independent adjusting company that all emails, activity notes and loss diary notes pertaining to the hail storm claim in litigation shall be preserved and not destroyed. Finally, a privilege log will also be produced in accordance with the Texas Rules of Civil Procedure for any redactions or privileges asserted. Within 180 days of the filing of an answer by the commercial insurance carrier, the parties will use their best efforts to exchange accounting and financial documentation and other information pertaining to any claims for business interruption, loss of business income, lost profits, inventory or food loss (provide list with values), lost business expense, accounts receivable and any other business loss claim.

Any expert reports, engineering reports, contractor estimates or any other estimates of damages or repairs obtained pursuant to this order for settlement, demand, or mediation purposes and exchanged prior to mediation shall be for mediation purposes only and shall be considered confidential, except that any estimates and/or reports that are part of the claims file, which were obtained or prepared during the claims handling, shall not be considered confidential under this paragraph. However, if a consultant, whose report is produced for mediation, is designated as a retained testifying expert and does not produce a subsequent report for use at trial, the mediation report shall not remain confidential.

Confidential reports and estimates are only confidential for the lawsuit in which they are being used. Confidential expert reports designated for mediation purposes shall be returned to the providing party within 14 days of a written request. Such reports shall not be discoverable or admissible at trial or any hearing. If the party procuring the report designates the expert to testify, such party shall have the right to prevent discovery or testimony by the expert regarding the mediation report and any opinions therein, provided that a subsequent report is produced. The procuring party may use data such as measurements and photographs without waiving this privilege. Nothing herein shall prohibit the use of those reports and estimates in any subsequent insurance claims or lawsuits involving the same commercial insurance carrier.

Once a mediation date and mediator are agreed to by all parties, the commercial insurance carrier shall be permitted to inspect the property involved in the lawsuit (as soon as practicable) prior to mediation. If mediation is unsuccessful, the commercial insurance carrier and other defendants may re-inspect the property with the same, new or additional experts pursuant to the Texas Rules of Civil Procedure.

Signed on November 30, 2016

_Michael E. Mery_
Michael Mery, Judge
37th District Court

_Stephani A. Walsh_
Stephani Walsh, Judge
45th District Court

_Antonia Arteaga_
Antonia Arteaga, Judge
57th District Court

_David A. Canales_
David A. Canales, Judge
73rd District Court

# 68881

68881

John D. Gabriel, Jr., Judge
131st District Court

Renée Yanta, Judge
150th District Court

Laura Salinas, Judge
166th District Court

Cathleen Stryker, Judge
224th District Court

Peter Sakai, Judge
225th District Court

Richard Price, Judge
285th District Court

Sol Casseb III, Judge
288th District Court

Karen H. Pozza, Judge
407th District Court

Larry Noll, Judge
408th District Court

Gloria Saldaña, Judge
438th District Court

11/30/2016 VOL 4625 PG 1818

3

68881

# 68881

## AGREED MEDIATION ORDER

Pursuant to the Standing Pretrial Order Concerning Bexar County Commercial Hail Claims, the parties agree to the following mediation date and mediator:

Date: _____

Mediator: _____

The court, hereby, approves and orders the above date and mediator as agreed by the parties.

Each side shall pay an equal portion of the mediation fee.

All parties must have in attendance a representative with full authority to enter into a final settlement agreement. The following shall be personally in attendance at the mediation until excused by the mediator:

    1.    An attorney of record for each party, unless the party is self-represented.

    2.    All individual parties, either plaintiff or defendant, except that individual defendant adjusters and insurer employee defendants are not ordered to attend so long as a representative with full authority to negotiate and settle on their behalf is present.

    3.    A representative of each non-individual party, unless the parties agree otherwise in writing.

Signed and entered on _____, 2016.

_____
Judge Presiding

11/30/2016 VOL 4655 PG 1819

4

# 68881

PRIVATE PROCESS

Case Number: 2017-CI-11597

2017CI11597   S08002

**LGC BUILDING LTD**
**VS.**

**FERDERAL INSURANCE COMPANY ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
285th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS



## CITATION

"THE STATE OF TEXAS"

Directed To: BYRON ERIC SMITH

6 30 17 9 200

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION , a default judgment may be taken against you." Said ORIGINAL PETITION was filed on the 23rd day of June, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 26TH DAY OF JUNE A.D., 2017.

DANIEL OREN KUSTOFF
ATTORNEY FOR PLAINTIFF
4103 PARKDALE ST
SAN ANTONIO, TX 76229-4182

Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Larry Botello*, Deputy

---

LGC BUILDING LTD
VS
FERDERAL INSURANCE COMPANY ET AL

**Officer's Return**

Case Number: 2017-CI-11597
Court: 285th Judicial District Court

I received this CITATION on the_____ day of_____ 20____ at _____o'clock ___M. and.( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION   on the date of delivery endorsed on it to_____, in person on the _____ day of_____, 20_____  at  _____  o'clock  ___M.  at _____  or  [  ]  not  executed  because

Fees:_____ Badge/PPS #:_____ Date certification expires:_____



SEE AFFIDAVIT ATTACHED

_____County, Texas

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____. - _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ Texas, on the _____ day of_____, 20____.

1504048

_____
Declarant

EXHIBIT
D

DOCUMENT SCANNED AS FILED

## CAUSE NO. 2017-CI-11597

| | | |
|---|---|---|
| LGC BUILDING LTD | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| VS. | § | 285TH JUDICIAL DISTRICT |
| | § | |
| FEDERAL INSURANCE COMPANY ET AL | § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |

### AFFIDAVIT OF SERVICE

On this day personally appeared Richard D. Ramos who, being by me duly sworn, deposed and said:

"The following came to hand on June 27, 2017, 4:00 pm,

### CITATION AND ORIGINAL PETITION ,

and was executed at 380 QUEST AVE , SPRING BRANCH , TEXAS 78070 within the county of BEXAR at 9:30 AM on June 30 2017, by delivering a true copy to the within named

### BYRON ERIC SMITH

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

_____
Richard D. Ramos
SCH# 2051 Exp. 4-30-18
Bexar County, Texas

BEFORE ME, a Notary Public, on this day personally appeared Richard D. Ramos, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON July 6, 2017

_____
Notary Public, State of Texas

TERESA M. RAMOS
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp 04-18-2019
ID# 128587769

DOCUMENT SCANNED AS FILED

PRIVATE PROCESS

Case Number: 2017-CI-11597

2017CI11597  588881

**LGC BUILDING LTD**

**VS.**

**FERDERAL INSURANCE COMPANY ET AL**
(Note:Attached Document May Contain Additional Litigants.)



IN THE DISTRICT COURT
285th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS.

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY
2017 JUL -7 PM 4:18
DEPUTY

**CITATION**

"THE STATE OF TEXAS"

Directed To: FEDERAL INSURANCE COMPANY

BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION , a default judgment may be taken against you." Said ORIGINAL PETITION  was filed on the 23rd day of June, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 26TH DAY OF JUNE A.D., 2017.

DANIEL OREN KUSTOFF
ATTORNEY FOR PLAINTIFF
4103 PARKDALE ST
SAN ANTONIO, TX 78229-4182



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Larry Botello*, Deputy

---

LGC BUILDING LTD
VS
FERDERAL INSURANCE COMPANY ET AL

**Officer's Return**

Case Number: 2017-CI-11597
Court: 285th Judicial District Court

I received this CITATION on the_____ day of_____, 20____ at _____o'clock ___M. and ( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION  on the date of delivery endorsed on it to_____, in person on the _____ day of_____, 20_____ at _____ o'clock ___M. at:_____ or ( ) not executed because

Fees:_____ Badge/PPS #:_____

**SEE AFFIDAVIT ATTACHED**

_____County, Texas

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____s, on the _____ day of_____, 20_____.

_____
Declarant

1507080

DOCUMENT SCANNED AS FILED

**EXHIBIT**
**E**



7017   0530   0000   1154   0156

7-5-16 @ 9:35 am

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Federal Insurance Company by delivering to it's
registered agent, CT Corporation System
1999 Bryan street suite 900
Dallas, Texas 75201

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X   Chris Wells

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

8 3 2017

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☑ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Restricted Delivery *(over $500)*

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*

7017 0530 0000 1154 0156

PS Form **3811**, July 2015 PSN 7530-02-000-9053   DOCUMENT SCANNED AS FILED   Domestic Return Receipt

9590 9402 2960 7094 3446 88

USPS TRACKING #



9590 9402 2960 7094 3446 88

**United States**
**Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

# EMPIRE COURIER
# P.O. BOX 100021
# SAN ANTONIO, TEXAS 78201

2017-CI-11597

## CAUSE NO. 2017-CI-11597

| | | |
|---|---|---|
| LGC BUILDING LTD | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| VS. | § | 285TH JUDICIAL DISTRICT |
| | § | |
| FEDERAL INSURANCE COMPANY ET AL | § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |

## AFFIDAVIT OF SERVICE - CERTIFIED MAIL

On this day personally appeared **Teresa Ramos** who, being me duly sworn, deposed and said:

"The following came to hand on June 27, 2017, 4:00 pm,

### CITATION AND ORIGINAL PETITION

and was executed on JULY 3, 2017 by mailing to FEDERAL INSURANCE COMPANY BY DELIVERING TO ITS REGISTERED AGENT CT CORPORATION SYSTEM at 1999 BRYAN ST. SUITE 900, DALLAS, TEXAS 75201, by regular mail and by Certified Mail, Return Receipt Requested, Receipt No. 7017 0530 0000 1154 0156, a true copy of this citation.

The regular mail envelope was not returned. PS Form 3811 was returned on July 7, 2017 having been signed on July 3, 2017 at 9:35 a.m. and is attached hereto.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

Teresa Ramos
SCH# 10049 Expires 11-30-18
Bexar County, Texas

BEFORE ME, a Notary Public, on this day personally appeared Teresa Ramos, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON July 7, 2017

Notary Public, State of Texas

RICHARD D. RAMOS
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 03-22-2018
ID# 5334195

DOCUMENT SCANNED AS FILED

FILED
7/20/2017 4:54 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Michelle Garcia

Case 5:17-cv-01029-OLG-HJB   Document 1-4   Filed 10/12/17   Page 88 of 110

CAUSE NO. 2017CI11597

| | | |
|---|---|---|
| LGC BUILDING LTD. | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 285th JUDICIAL DISTRICT |
| | § | |
| FEDERAL INSURANCE CO. and | § | |
| BYRON ERIC SMITH | § | BEXAR COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER, VERIFIED PLEA IN ABATEMENT, AND REQUEST FOR DISCLOSURES

COME NOW, Defendants Federal Insurance Company and Byron Eric Smith (collectively, "Defendants") and file this Original Answer, Verified Plea in Abatement, and Request for Disclosures, respectfully showing the Court as follows:

### I.
### GENERAL DENIAL

1.     Pursuant to Texas Rule of Civil Procedure 92, Defendants generally deny each and every allegation in Plaintiff LGC Building Ltd.'s ("Plaintiff") Original Petition, and all supplements and amendments thereto, and require that Plaintiff prove same by the standard of proof required by the Constitution and laws of this State.

### II.
### PLEA IN ABATEMENT

2.     On June 23, 2017 Plaintiff filed this lawsuit seeking recovery from Defendants under the Texas Deceptive Trade Practices Act ("DTPA") and Chapter 541 of the Texas Insurance Code.  Prior to seeking recovery under either the DTPA or Chapter 541, Plaintiff was required to provide written notice of its claims at least sixty (60) days prior to filing suit. *See* TEX. BUS. & COMM. CODE § 17.505 and TEX. INS. CODE § 541.154. Additionally, both statutes require that the written notice state Plaintiff's specific complaint, along with the amount of its damages and expenses, if any, including attorney's fees reasonably incurred in asserting the claim. *Id.* Plaintiff failed to comply with these requirements.

LEGAL\31897530\1


EXHIBIT
F

3.      Specifically, Plaintiff never notified Defendants of its claims under the DTPA prior to filing suit. Instead, Plaintiff simply filed this lawsuit on June 23, 2017 and issued its notice letter the same day.  The notice letter was not received until June 27, 2017.  Because Section 17.505(a) of the Texas Business and Commerce Code required Plaintiff to provide written notice to Defendants at least sixty (60) days before filing suit, Plaintiff violated the Texas Business and Commerce Code by filing this lawsuit without giving the proper notice of its claims.

4.      Similarly, Plaintiff never provided prior notice of its claims under the Texas Insurance Code prior to filing suit. Instead, Plaintiff simply filed this lawsuit on June 23, 2017 and issued its notice letter the same day.   The notice letter was not received until June 27, 2017. Because Section 541.154 of the Texas Insurance Code required Plaintiff to provide written notice to Defendants at least sixty (60) days before filing suit, Plaintiff violated the Texas Insurance Code by filing this lawsuit without giving the proper notice of its claims.

5.      This lawsuit must be abated automatically eleven (11) days after the filing of this verified plea in abatement, unless Plaintiff files a controverting affidavit showing that proper notice was provided, in accordance with Section 17.505(d)(2) of the Texas Business and Commerce Code and Section 541.155(c)(2) of the Texas Insurance Code. Because Plaintiff cannot provide a controverting affidavit that states the required notice was provided, this lawsuit must be abated until sixty (60) days after Plaintiff provided its notice letter, or August 22, 2017 at the soonest.

IV.
**REQUEST FOR DISCLOSURE**

6.      After the abatement period, Plaintiff is requested to provide the documents and information contained in Texas Rule of Civil Procedure 194.2(a)-(l).

## V.
### PRAYER

Defendants Federal Insurance Company and Byron Eric Smith (collectively, "Defendants") respectfully request that Plaintiff LGC Building Ltd. ("Plaintiff") take nothing by its claims against Defendants, that Plaintiff's claims and causes of action against Defendants be dismissed with prejudice, that the Court enter judgment in favor of Defendants against Plaintiff, and that Defendants be awarded any such other and further relief to which they are justly entitled.

Respectfully submitted,

COZEN O'CONNOR

Stephen P. Pate
Texas Bar No. 15566500
spate@cozen.com
Karl A. Schulz
Texas State Bar No. 24057339
kschulz@cozen.com
1221 McKinney Street, Suite 2900
Houston, Texas 77010
Telephone: (832) 214-3900
Facsimile: (832) 214-3905

**ATTORNEYS FOR DEFENDANTS FEDERAL INSURANCE COMPANY AND BYRON ERIC SMITH**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above document has been served on all counsel of record pursuant to the Texas Rules of Civil Procedure on this the 20th day of July, 2017.

Daniel O. Kustoff
Melanie Hessler Phipps
Kustoff & Phipps, L.L.P.
4103 Parkdale Street
San Antonio, Texas 78229
*Counsel for Plaintiff LGC Building Ltd.*

Stephen P. Pate

LEGAL\31897530\1

## VERIFICATION

STATE OF DELAWARE     §
             §
COUNTY OF NEW CASTLE   §

   Before me, the undersigned authority, on this day personally the undersigned affiant who, after being duly sworn upon his oath, stated that the following facts are true and correct and within his personal knowledge:

1. My full name is James L. Kelly.  I am over the age of eighteen and I am fully competent and qualified to make this affidavit on behalf of Federal Insurance Company.

2. I have read the foregoing Verified Plea in Abatement.  All of the facts stated therein are true and correct and within my personal knowledge.

                _____
                James L. Kelly

Subscribed to and sworn before me on this the 20 day of July, 2017.

                _____
                Notary Public in and for the State of
                Delaware

                My Commission Expires: 02/01/2019

> Tia L. Reed
> Notary Public
> State of Delaware
> My Commission Expires 02-01-2019

## VERIFICATION

STATE OF TEXAS                         §
                                       §
COUNTY OF _Comal_                      §

Before me, the undersigned authority, on this day personally the undersigned affiant who, after being duly sworn upon his oath, stated that the following facts are true and correct and within his personal knowledge:

3.  My full name is Byron Eric Smith.  I am over the age of eighteen and I am fully competent to make this affidavit.

4.  I have read the foregoing Verified Plea in Abatement.  All of the facts stated therein are true and correct and within my personal knowledge.

_____
Byron Eric Smith

Subscribed to and sworn before me on this the 20ᵗʰ day of _July_, 2017.

_____
Notary Public in and for the State of Texas

JOHN TOWNSLEY III
Notary Public, State of Texas
My Comm. Exp. 06-03-2021
ID No. 12944450-0

My Commission Expires: _06-03-2021_

LEGAL\31897530\1

FILED
9/15/2017 3:48 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Laura Rodriguez

Case 5:17-cv-01029-OLG-HJB   Document 1-4   Filed 10/12/17   Page 93 of 110

## CAUSE NO. 2017-CI-11597

| | | |
|---|---|---|
| **LGC BUILDING LTD.,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **285TH JUDICIAL DISTRICT** |
| | § | |
| **FEDERAL INSURANCE CO.** | § | |
| **and BYRON ERIC SMITH,** | § | |
| | § | |
| **Defendants** | § | **BEXAR COUNTY, TEXAS** |

### MOTION TO QUASH DEFENDANTS' NOTICE OF INTENT TO TAKE
### TO TAKE THE ORAL AND VIDEO DEPOSITION OF NON-PARTY ED BATIS, JR.
### OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Ed Batis, Jr., an individual who is not a party to the above-numbered and entitled lawsuit, and files this Motion to Quash Defendants' Notice of Intent to Take the Oral and Video Deposition of Ed Batis, Jr. or, in the Alternative, Motion for Protective Order. The Notice (herein so called) was telecopied to Mr. Batis at approximately 4:51 p.m. on September 12, 2017. Mr. Batis moves the Court to quash the Notice and, in support hereof, would respectfully show the Court as follows:

### BRIEF STATEMENT OF MOTION

1.      This lawsuit arises out of an insurance claim made by Plaintiff LGC Building Ltd. ("LGC") under an insurance contract issued to it by Defendant Federal Insurance Company ("Federal"). Mr. Batis is not a party to this lawsuit.

2.      On or about December 1, 2016, Mr. Batis was appointed by the Bexar County District Court to act the umpire in connection with an appraisal of the loss or damage claimed by LGC under the insurance contract. When the parties' respective appraisers were unable to agree on the amount

*Motion to Quash Defendants' Notice of Intent to*
*Take the Oral and Video Deposition of Non-Party*
*Ed Batis, Jr. (Cause No. 2017-CI-11597)*


EXHIBIT
6

Page 1 of 9 Pages

of loss or damage, Mr. Batis, in his capacity as the umpire, rendered on or about May 8, 2017, an Appraisal Award signed by one of the appraisers. Apparently, Federal refused to pay the Appraisal Award and LGC commenced this lawsuit against Federal and Defendant Byron Eric Smith[1] on or about June 23, 2017, to enforce it.

3.      As previously mentioned, Federal and Mr. Smith ("Defendants") now seek to depose Mr. Batis, telecopying their purported Notice to him at approximately 4:51 p.m. on September 12, 2017. See *Defendants Federal Insurance Company's and Byron Eric Smith's Notice of Intent to Take the Oral and Video Deposition of Ed Batis, Jr.* attached as <u>Exhibit A</u> hereto, incorporated herein, and made a part hereof for all pertinent purposes. For the reasons herein stated, Mr. Batis moves to quash the Notice or, in the alternative, moves for a protective order (a) limiting and defining the scope of any such deposition and (b) requiring Defendants or the parties to pay the fees and expenses (including attorney fees) that have been and will be incurred by Mr. Batis in responding to the Notice.

## THIS MOTION TO QUASH IS FILED BY THE THIRD BUSINESS DAY AFTER THE SEPTEMBER 12, 2017 TELECOPY OF THE NOTICE

4.      Mr. Batis moves to quash the Notice pursuant to Rule 199.4 of the Texas Rules of Civil Procedure. The Notice was served by Defendants via facsimile transmission to Mr. Batis at approximately 4:51 p.m. on Tuesday, September 12, 2017, and purports to set a deposition with a duces tecum of Mr. Batis, a non-party, on September 25, 2017. Mr. Batis is an attorney engaged in the private practice of law in Texas[2] and has client matters to which he must attend that conflict with

---

[1] In its Original Petition in the lawsuit, LGC describes Mr. Smith as the person assigned by Federal to handle and adjust LGC's insurance claim. See *Plaintiff's Original Petition* at § IV, p. 2, filed in this lawsuit, reference to which is here made such that it is incorporated herein and made a part hereof for all pertinent purposes.

[2] Mr. Batis' Texas Bar Number is 01915470. See https://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer &template=/Customsource/MemberDirectory/MemberDirectoryDetail.cfm&ContactID=214371.

the deposition date and time unilaterally set by Defendants in the Notice. Mr. Batis therefore objects to the deposition date and time designated in the Notice. As such, and because this Motion to Quash is being filed within three (3) business days after the September 12, 2017 telecopy of the Notice, the deposition is stayed until the motion can be determined. See TEX. R. CIV. P. 199.4.

### THE NOTICE WAS NOT PERSONALLY SERVED ON MR. BATIS; THUS, IT IS UNENFORCEABLE UNDER THE TEXAS RULES OF CIVIL PROCEDURE

5.      Per Rule 199.3 of the Texas Rules of Civil Procedure, a party (here, Defendants) may compel a non-party witness (here, Mr. Batis) to attend an oral deposition only if the party "serv[es] the witness with a subpoena under Rule 176." See TEX. R. CIV. P. 199.3. Rule 176.5 specifies that a subpoena (a) may be served "by a sheriff or constable ... or any person who is not a party and is 18 years of age or older" and (b) "must be served by delivering a copy to *the witness* and tendering to *that person* any fees required by law." See TEX. R. CIV. PRO. 176.5(a) (emphasis added). The Notice was not personally served on Mr. Batis but was instead telecopied to him by the attorney for Defendants without any required fee being attached or tendered. See *Defendants Federal Insurance Company's and Byron Eric Smith's Notice of Intent to Take the Oral and Video Deposition of Ed Batis, Jr.* attached as Exhibit A. The Notice is therefore unenforceable and should be quashed. See *In Re Reaud*, 286 S.W. 3d 574, 577-578 & 583 (Tex. App. – Beaumont 2009, orig. proceeding).

### THERE WAS NO NON-PARTY WITNESS FEE AS REQUIRED BY TEXAS STATUTE

6.      Texas Civil Practice and Remedies Code § 22.001 and Rule 176.5 of the Texas Rules of Civil Procedure require, in order for a non-party witness (here, Mr. Batis) to be properly subpoenaed for a deposition, the witness must be provided with the appropriate fee at the time the subpoena is served on the non-party witness. See TEX. CIV. PRAC. & REM. CODE ANN. § 22.001 (Vernon 2017) (witness fee to be paid by party summoning witness); see also TEX. R. CIV.

*Motion to Quash Defendants' Notice of Intent to*
*Take the Oral and Video Deposition of Non-Party*
*Ed Batis, Jr. (Cause No. 2017-CI-11597)*                                    Page 3 of 9 Pages

P. 176.5(a) (subpoena must be served by delivering copy to witness and tendering to witness fees required by law). No fee was attached to or tendered with the Notice directed to Mr. Batis. Accordingly, the Notice is defective and should be quashed. See *Texas & Pacific Railway Co. v Hall*, 83 Tex. 675, 679, 19 S.W. 121, 122 (1892) ("lawful fees not having been paid or tendered, [witness] was not in contempt of court, nor subject to a fine"); see also Op. Tex. Att'y Gen. No. DM-342, at *2 (1995) (witness attending deposition pursuant to subpoena entitled to be paid fee under section 22.001 of Texas Civil Practice and Remedies Code).

### DEFENDANTS' NOTICE IS A FISHING EXPEDITION AND IS NOT REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF RELEVANT EVIDENCE

7.     Under Texas law, "appraisal awards made pursuant to the provisions of an insurance contract are binding and enforceable, and every reasonable presumption will be indulged to sustain an appraisal award." See *JM Walker LLC v. Acadia Insurance Co.*, 356 F. App'x 744, 746 (5ᵗʰ Cir. 2009) (citing and quoting *Franco v. Slavonic Mutual Fire Insurance Ass'n*, 154 S.W.3d 777, 786 [Tex. App. – Houston (14ᵗʰ Dist.) 2004, no pet.]); see also *Providence Lloyds Insurance Co. v. Crystal City Independent School Dist.*, 877 S.W.2d 872, 875 (Tex. App. – San Antonio 1994, no writ). The results of an otherwise binding appraisal may be disregarded in three situations: (1) when the award was made without authority; (2) when the award was made as a result of fraud, accident, or mistake; or (3) when the award was not in compliance with the requirements of the policy. See *Garcia v. State Farm Lloyds*, 514 S.W.3d 257, 265 (Tex. App. – San Antonio 2016, pet. denied).

8.     As earlier mentioned, Mr. Batis, in his capacity as the umpire, rendered on or about May 8, 2017, an Appraisal Award signed by one of the appraisers. Defendants have not identified or pled any mistake or fact upon which they contend the Appraisal Award should be set aside, but the clear implication is that Defendants are unhappy with the results of the appraisal process in which they

*Motion to Quash Defendants' Notice of Intent to*
*Take the Oral and Video Deposition of Non-Party*
*Ed Batis, Jr. (Cause No. 2017-CI-11597)*                                    Page 4 of 9 Pages

participated. Defendants do not attempt to articulate a reason for the deposition that they seek from

Mr. Batis or the factual or legal theories upon which they seek his deposition. Defendants' position

is untenable and there is no reason to allow Defendants to fish for a legal theory by taking Mr. Batis'

deposition in this lawsuit. See TEX. R. CIV. P. 199.59(h) (attorney "must not ask a question at an oral

deposition ... without a good faith legal basis at the time"). The Notice should therefore be quashed.

See *K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996) (orig. proceeding) (no discovery

device can be used to fish); see also *In re Boxer Property Management Corp.*, 2009 WL 4250123, at

*3 (Tex. App. – Houston [14th Dist.] Sept. 3, 2009, orig. proceeding) (not designated for publication)

("[d]epositions may not be used to conduct a fishing expedition").

**THE NOTICE MOREOVER VIOLATES THE TEXAS RULES OF CIVIL PROCEDURE
SINCE ANY DISCOVERY THAT DEFENDANTS EXPECT TO OBTAIN FROM MR. BATIS
IS OBTAINABLE FROM ANOTHER MORE CONVENIENT, LESS BURDENSOME,
OR LESS EXPENSIVE SOURCE**

9.     Plainly, any testimony or documents that Defendants may somehow expect to elicit

from Mr. Batis would be unreasonably cumulative and duplicative and available from another more

convenient, less burdensome, or less expensive source. That is, Defendants designated an appraiser

(Mr. James Gregory of Gerloff Company) that participated in the appraisal process, as did Plaintiff

(Mr. Sergio De La Canal of CorrectClaim). See *Plaintiff's Original Petition* at § IV, p. 2, filed in

this lawsuit. Consequently, any testimony or documents that Defendants seek to obtain in this

lawsuit are available to them through their own appraiser (Mr. Gregory), including documents in

Defendants' own file or provided to them by Mr. Gregory, or by way of deposing Plaintiff's

appraiser (Mr. De La Canal). The Notice directed to Mr. Batis should therefore be quashed. See *In

re Arras*, 24 S.W.3d 862, 864 (Tex. App. - El Paso 2000, orig. proceeding); see also TEX. R. CIV.

P. 192.4 (discovery to be limited by court if unreasonably cumulative or duplicative or obtainable

from other source more convenient, less burdensome, or less expensive).

*Motion to Quash Defendants' Notice of Intent to
Take the Oral and Video Deposition of Non-Party
Ed Batis, Jr. (Cause No. 2017-CI-11597)*                                            Page 5 of 9 Pages

### OBJECTIONS BY MR. BATIS TO THE SUBPOENA DUCES TECUM
### INCLUDED IN DEFENDANTS' DEFECTIVE NOTICE

10.     Mr. Batis also objects to the subpoena duces tecum included in Defendants' defective

Notice as follows:

1.     Your entire file concerning the appraisal at issue in *LGC Building LTD. v. Federal Insurance Co. and Byron Smith*; [sic] No. 2017CI11597; [sic] In the 285th Judicial District, Bexar County, Texas.  This shall include all documents and materials that you received, reviewed, considered, and/or [sic] generated in connection with your service as umpire, including but not limited to correspondence, estimates of any kind including Xactimate estimates, submissions by appraisers, notes, observations, photographs, awards, drafts of documents, and final versions of documents.

Subject to and without waiving any of the objections herein stated, and further subject to any other objections that may be asserted prior to or at the time of any actual production concerning any documents or any matters related to this discovery request, Mr. Batis objects that this discovery request was not properly served in compliance with the Texas Rules of Civil Procedure nor were any fees tendered to Mr. Batis as required by law.

Additionally subject to and without waiving any of the objections herein stated, and further subject to any other objections that may be asserted prior to or at the time of any actual production concerning any documents or any matters related to this discovery request, Mr. Batis is overly broad; seeks information irrelevant and immaterial to this lawsuit and which is not reasonably calculated to lead to the discovery of admissible evidence; constitutes a "fishing expedition"; seeks information equally in the possession, custody, or control of Defendants or the other party or parties to this lawsuit; is unreasonably cumulative or duplicative or seeks information obtainable from some other source that is more convenient, less burdensome, or less expensive; is broad enough to require the production of documents protected by the attorney/client, consulting expert, work product, or investigative privileges; is broad enough to require the production of documents that are proprietary or confidential in nature, that constitute trade secrets, or that are otherwise privileged and protected from discovery; is invasive of the personal, constitutional, property, or privacy rights of individuals, including individuals who are not parties to this lawsuit; and is propounded for the purpose of harassment and annoyance and the probative value of the same is outweighed by the time, expense, and burden unduly placed upon Mr. Batis if such oppressive discovery is permitted.

Also subject to and without waiving any of the objections herein stated, and further subject to any other objections that may be asserted prior to or at the time of any actual production concerning any documents or any matters related to this discovery request, Mr. Batis objects

that, to the extent the appraisal procedure under the insurance contract between LGC and Federal is in the nature of an alternative dispute resolution procedure under Texas law, a communication relating to the subject matter of any civil or criminal dispute made by a participant in an alternative dispute resolution procedure, whether before or after the institution of formal judicial proceedings, is confidential, is not subject to disclosure, and may not be used as evidence against the participant in any judicial or administrative proceeding.

## ALTERNATIVELY, IN THE UNLIKELY EVENT THAT THE COURT FOR ANY REASON OVERRULES THIS MOTION TO QUASH, THEN MR. BATIS MOVES FOR AN APPROPRIATE PROTECTIVE ORDER

11.   As shown in this Motion to Quash, Defendants' Notice was not properly served to Mr. Batis; does not comply with the Texas Rules of Civil Procedure; is an impermissible fishing expedition; and is unnecessarily cumulative and duplicative or seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive. If, however, the Court is inclined to allow Defendants to depose Mr. Batis, he respectfully asks that prior to doing so, the Court (a) order Defendants to explain the factual and legal basis for their contention that the Appraisal Award should be set aside; (b) order that, before taking any deposition of Mr. Batis, Defendants first take the depositions of their appraiser (Mr. Gregory) and Plaintiff's appraiser (Mr. De La Canal) and thereafter determine in good faith if any deposition of Mr. Batis is then necessary for purposes of this lawsuit; (c) limit the scope of any deposition of Mr. Batis to matters relevant to the basis identified by Defendants for their contention that the Appraisal Award should be set aside; and (d) order that Defendants (or Defendants and Plaintiff to equally) pay Mr. Batis by a date certain for the time spent by him to prepare for and attend the deposition and any fees and expenses (including attorney fees) incurred by him in responding to the Notice[3].  See

---

[3] In this regard, the appraisal clause in the insurance contract between LGC and Federal provides that they "will equally share any other appraisal costs and the costs of the umpire" and the Order appointing Mr. Batis to act as the umpire states that LGC and Defendant "will bear the expenses of the umpire equally." See *Appointment of Umpire* dated December 1, 2016, entered by Bexar

*Motion to Quash Defendants' Notice of Intent to*
*Take the Oral and Video Deposition of Non-Party*
*Ed Batis, Jr. (Cause No. 2017-CI-11597)*                                             Page 7 of 9 Pages

TEX. R. CIV. P. 176.7 (court must provide person served with subpoena protection from undue burden or expense, including compensating witness for undue hardship); TEX. R. CIV. P. 192.4 (court to limit discovery if discovery unreasonably cumulative or duplicative or obtainable from other source more convenient, less burdensome, or less expensive); TEX. R. CIV. P. 192.6 (court authorized to order method or terms and conditions of discovery to protect movant from undue burden or unnecessary expense); TEX. R. CIV. P. 205.3(f) (party requiring document production from non-party must reimburse non-party for costs of production).

### REQUEST FOR REIMBURSEMENT OF ATTORNEY FEES
### FOR PREPARATION AND DETERMINATION OF THIS MOTION TO QUASH

12.     As a result of their defective Notice to Mr. Batis, Defendants have necessitated the filing by Mr. Batis of this Motion to Quash. Mr. Batis therefore respectfully requests that this Court order Defendants to reimburse him for all of his reasonable attorney fees and expenses incurred in connection with the preparation of and determination of the merits of this Motion to Quash.

### CONCLUSION

13.     For these and other reasons as may now or hereafter become apparent, Mr. Batis respectfully requests that this Court take notice of the filing of this this Motion to Quash Defendants' Notice of Intent to Take the Oral and Video Deposition of Ed Batis, Jr. or, in the Alternative, Motion for Protective Order; and, upon hearing hereon and due consideration of the evidence and arguments of counsel, enter an order (a) quashing Defendants' Notice at Defendants' cost; (b) requiring Defendants to reimburse and pay Mr. Batis' costs, fees, and expenses incurred in connection with

---

County District Court in connection with Claim No. 076916014835, reference to which is here made such that it is incorporated herein and made a part hereof for all pertinent purposes.

*Motion to Quash Defendants' Notice of Intent to*
*Take the Oral and Video Deposition of Non-Party*
*Ed Batis, Jr. (Cause No. 2017-CI-11597)*                                          Page 8 of 9 Pages

the preparation of and determination of the merits of this Motion to Quash; and (c) in the alternative,

enter a protective order as requested herein.  Mr. Batis also prays for such other and further relief to

which he is justly entitled.

Respectfully submitted,

**BOONE, ROCHELEAU & RODRIGUEZ, P.L.L.C.**
10101 Reunion Plaza, Suite 600
San Antonio, Texas 78216
210-477-7438 Telephone
210-477-7488 Telecopier
pboone@br-lawfirm.com E-mail


By:  /s/ Patrick J. Boone
      Patrick J. Boone/Texas Bar No. 02636500

**ATTORNEYS FOR ED BATIS, JR.**

### CERTIFICATE OF SERVICE

On September 15, 2017, the foregoing document was, in compliance with the Texas Rules
of Civil Procedure, served to the following counsel of record:

| | |
|---|---|
| Mr. Stephen Pate | Mr. Daniel O. Kustoff |
| Texas Bar No. 15566500 | Texas Bar No. 11770515 |
| Mr. Karl A. Schulz | Ms. Melanie Phipps Sanders |
| Texas Bar No. 24057339 | Texas Bar No. 24032416 |
| Cozen O'Connor | Kustoff & Phipps, LLP |
| 1221 McKinney Street, Suite 2900 | 4103 Parkdale Street |
| Houston, Texas 77010 | San Antonio, Texas 78229 |
| 832-214-3900 Telephone | 210-614-9444 Telephone |
| 832-214-3905 Telecopier | 210-614-9464 Telecopier |
| spate@cozen.com E-mail | dkustoffservice@kplegal.com E-mail |
| kschulz@cozen.com E-mail | msanders@kplegal.com E-mail |


/s/ Patrick J. Boone
Patrick J. Boone

*Motion to Quash Defendants' Notice of Intent to
Take the Oral and Video Deposition of Non-Party
Ed Batis, Jr. (Cause No. 2017-CI-11597)*                                    Page 9 of 9 Pages

**EXHIBIT A**

**to Motion to Quash Defendants' Notice of Intent to Take the Oral and Video
Deposition of Ed Batis, Jr. or, in the Alternative, Motion for Protective Order**

*[Defendants Federal Insurance Company's and Byron Eric Smith's
Notice of Intent to Take the Oral and Video Deposition of Ed Batis, Jr.]*

*Motion to Quash Defendants' Notice of Intent to
Take the Oral and Video Deposition of Non-Party
Ed Batis, Jr. (Cause No. 2017-CI-11597)*

EXHIBIT
AS INDICATED

09/12/2017 7:16:51 PM -0400 FAXCOM



## COZEN O'CONNOR

A PROFESSIONAL CORPORATION
LYONDELLBASELL TOWER    1221 MCKINNEY    SUITE 2900    HOUSTON, TX 77010
832.214.3900    1.800.448.8502    832.214.3905 FAX    www.cozen.com

### FACSIMILE

| | | | |
|---|---|---|---|
| FROM: | Pinckard, Nancy R. | RECIPIENT: | Ed Batis |
| SENDER'S FAX: | | RECIPIENT FAX: | 210-366-4301 |
| SENDER'S PHONE: | 713-750-3168 | | |

DATE:            September 12, 2017
SUBJECT:         LGC Building v Federal Insurance and Byron Smith - deposition of Ed Batis
TOTAL PAGES      4

MESSAGE:
Please see attached notice.

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL THE SENDER or 1.800.448.8502 IMMEDIATELY.

05:38:36 p.m. 09-12-2017 Case 5:17-cv-01029-OLG-HJB   Document 1-4   Filed 10/12/17   Page 104 of 110
09/12/2017 7:16:51 PM -0400 FAXCOM

PAGE 2   OF 4

CAUSE NO. 2017CI11597

| | | |
|---|---|---|
| LGC BUILDING LTD. | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | |
| | § | 285th JUDICIAL DISTRICT |
| FEDERAL INSURANCE CO. and | § | |
| BYRON ERIC SMITH | § | |
| | § | BEXAR COUNTY, TEXAS |

### DEFENDANTS FEDERAL INSURANCE COMPANY'S AND BYRON ERIC SMITH'S NOTICE OF INTENT TO TAKE THE ORAL AND VIDEO DEPOSITION OF ED BATIS, JR.

TO:   Plaintiff, LGC Building, Ltd., by and through its counsel of record, Daniel O. Kustoff, Melanie Hessler Phipps, Kustoff & Phipps, L.L.P., 4103 Parkdale Street, San Antonio, Texas 78229.

PLEASE TAKE NOTICE THAT Defendants Federal Insurance Company and Byron Eric Smith will take the oral and videotaped deposition of Ed Batis, Jr. on **September 25, 2017** at **10:00 a.m.** at the offices of Ortiz & Batis, P.C., 10100 Reunion Place, Suite 600, San Antonio, Texas 78216.

The deposition will be recorded stenographically and by videotape and will continue from day to day until completed. The stenographic recording will be taken before a duly qualified court reporter or a notary public or other person authorized to administer oaths.

The witness is instructed to bring to the deposition the items described in the subpoena duces tecum attached as Exhibit "A."

Respectfully submitted,

COZEN O'CONNOR

Stephen P. Pate
Texas State Bar No. 15566500
spate@cozen.com
Karl A. Schulz
Texas State Bar No. 24057339
kschulz@cozen.com
1221 McKinney Street, Suite 2900

05:38:36 p.m. 09-12-2017 Case 5:17-cv-01029-OLG-HJB   Document 1-4   Filed 10/12/17   Page 105 of 110
09/12/2017  7:16:51 PM  ~0400 FAXCOM

PAGE 3   OF 4

Houston, Texas 77010
Telephone: (832) 214-3900
Facsimile: (832) 214-3905

**ATTORNEYS FOR DEFENDANTS
FEDERAL INSURANCE COMPANY
AND BYRON ERIC SMITH**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above document has been served on all counsel of record pursuant to the Texas Rules of Civil Procedure on this the 12th day of September, 2017.

Daniel O. Kustoff
Melanie Hessler Phipps
Kustoff & Phipps, L.L.P.
4103 Parkdale Street
San Antonio, Texas 78229
*Via E-mail: dkustoffservice@kplegal.com and Fax: 210-614-9464*
*Counsel for Plaintiff LGC Building Ltd.*

Ed Batis, Jr.
Ortiz & Batis, P.C.
10100 Reunion Place, Suite 600
San Antonio, Texas 78216
*Via E-Mail: ed@ob-lawpc.com and Fax: 210-366-4301*

_____
Karl A. Schulz

05:38:36 p.m. 09-12-2017  Case 5:17-cv-01029-OLG-HJB   Document 1-4   Filed 10/12/17   Page 106 of 110
09/12/2017 7:18:51 PM -0400 FAXCOM

PAGE 4   OF 4

## EXHIBIT "A"

### SUBPOENA DUCES TECUM

1.  Your entire file concerning the appraisal at issue in *LGC Building LTD. v. Federal Insurance Co. and Byron Smith*; No. 2017C111597; In the 285th Judicial District, Bexar County, Texas. This shall include all documents and materials that you received, reviewed, considered, and/or generated in connection with your service as umpire, including but not limited to correspondence, estimates of any kind including Xactimate estimates, submissions by appraisers, notes, observations, photographs, awards, drafts of documents, and final versions of documents.



GERARD C. RICKHOFF          DONNA KAY M<sup>c</sup>KINNEY

**COUNTY CLERK & DISTRICT CLERK**
**COURT RECORDS SEARCH**

# Case #2017CI11597

**Name**:

**Date Filed** : 06/23/2017

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 285

**Docket Type** : DEBT/CONTRACT

**Business Name** : LGC BUILDING LTD

**Style** : LGC BUILDING LTD

**Style (2)** : vs FERDERAL INSURANCE COMPANY ET AL



**EXHIBIT**
**H**

# Case History

*Currently viewing 1 through 8 of 8 records*

| Sequence | Date Filed | Description |
|---|---|---|
| P00006 | 9/19/2017 | FIRST AMENDED PETITION |
| P00005 | 9/15/2017 | MOTION TO QUASH |
| P00004 | 7/20/2017 | ORIGINAL ANSWER OF FEDERAL INSURANCE COMPANY AND BYRON ERIC SMITH VERIFIED PLEA IN ABATEMENT AND RE QUEST FOR DISCLOSURES |
| S00002 | 6/26/2017 | CITATION BYRON ERIC SMITH ISSUED: 6/26/2017 RECEIVED: 6/27/2017 EXECUTED: 6/30/2017 RETURNED: 7/7/2017 |
| S00001 | 6/26/2017 | CITATION FEDERAL INSURANCE COMPANY ISSUED: 6/26/2017 RECEIVED: 6/27/2017 EXECUTED: 7/3/2017 RETURNED: 7/7/2017 |
| P00003 | 6/23/2017 | JURY FEE PAID |
| P00002 | 6/23/2017 | SERVICE ASSIGNED TO CLERK 1 |
| P00001 | 6/23/2017 | PET FOR HAIL DAMAGE COMMERCIAL WJD |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LGC BUILDING LTD., | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| FEDERAL INSURANCE CO. and, | § | |
| BYRON ERIC SMITH, | § | |
| | § | |
| Defendants | § | |

## LIST OF ALL COUNSEL OF RECORD

**PLAINTIFF'S ATTORNEYS:**

Daniel O. Kustoff
Texas Bar No. 11770515
dkustoffservice@kplegal.com
Melanie Hessler Phipps
Texas Bar No. 24032416
msanders@kplegal.com
Kustoff & Phipps, L.L.P.
4103 Parkdale Street
San Antonio, Texas 78229
Telephone: (210) 614-9444
Facsimile: (210) 614-9464

**DEFENDANTS' ATTORNEYS**

Stephen P. Pate
Texas Bar No. 15566500
spate@cozen.com
Karl A. Schulz
Texas State Bar No. 24057339
kschulz@cozen.com
1221 McKinney Street, Suite 2900
Houston, Texas 77010
Telephone: (832) 214-3900
Facsimile: (832) 214-3905



Respectfully submitted,

COZEN O'CONNOR

_____
Stephen P. Pate
Texas Bar No. 15566500
spate@cozen.com
Karl A. Schulz
Texas State Bar No. 24057339
kschulz@cozen.com
1221 McKinney Street, Suite 2900
Houston, Texas 77010
Telephone: (832) 214-3900
Facsimile: (832) 214-3905

**ATTORNEYS FOR DEFENDANTS
FEDERAL INSURANCE COMPANY AND
BYRON ERIC SMITH**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above document has been served on all counsel of record pursuant to the Texas Rules of Civil Procedure on this the _____ day of October, 2017.

Daniel O. Kustoff
Melanie Hessler Phipps
Kustoff & Phipps, L.L.P.
4103 Parkdale Street
San Antonio, Texas 78229
*Counsel for Plaintiff LGC Building Ltd.*

_____
Stephen P. Pate